### H. N. DUBLE v. BATTS & DEAN.

1. If property be delivered by the maker to the payee of a promissory note upon a written contract prescribing conditions by which the proceeds of said property are to be applied as a credit upon the note, such delivery at once goes to the credit of the note. The amount of credit is to be determined by the contract of delivery; and any subsequent misunderstanding as to the terms of such contract will not render the proceeds subject to garnishment at suit of another creditor.
2 Telegrams communicating an offer and accepting the same, when acted on form a contract, governing the acts of the parties under the stipulations of the telegrams.

APPEAL from Galveston. Tried below before the Hon. A. P. McCormick.

The facts appear in the opinion.

*E. M. Pease*, for appellant.

*Mann & Baker*, for appellee.

Walker, J. — On the fifteenth of March, 1871, the following telegraphic correspondence took place between H. N. Duble and W. O. Smith, his agent at Marlin, to-wit:

"Marlin, March 15, 1871.

" *To H. M. Duble:*

" Hailey has turned over thirty-five bales of cotton, and has a check for $4000, currency. I have agreed to discount his last payment fifteen per cent. Are you willing?

"W. O. Smith."

The reply is as follows:

"March 15, 1871.

" *W. O. Smith, Marlin:*

" Am willing for Hailey to discount his payments, as proposed. Will you or he be down? Answer. Ship cotton promptly. "H. N. Duble."

Smith replied to this telegram as follows:

"Marlin, March 15, 1871.

" Hailey nor myself can come. Will mail check at Kosse, to-morrow. Will ship cotton as quickly as I can get teams to haul it. "W. O. Smith."

The question involved in this case turns upon the construction of these telegrams.

On the seventeenth of April following, Batts & Dean sued the Haileys for about $2000, and garnisheed Duble. Judgment went by default against the Haileys; and an issue being made up on the question of the garnishee's liability, was submitted to a jury, and they found for the plaintiffs against the garnishee.

There was but one witness examined, Duble himself, and we do not hesitate to say that his evidence authorized the jury to find as they did, yet he may be mistaken as to the condition of things between himself and the Haileys.

It does not appear from the telegrams how far the Haileys authorized the correspondence of March 15, 1871, between Duble and his agent Smith. It does appear,

however, that they turned over the check referred to, and the thirty-five bales of cotton, which acts would authorize any court in holding Duble bound to the contract made by his agent Smith; and although he may have misunderstood what was meant by discounting at fifteen per cent., or he may have been disposed to quibble about it, yet that is a question which the law would settle, and we have no hesitation in saying that he is bound to the Haileys to credit their note, with the proceeds of the checks and cotton. Then, is he bound to respond to the plaintiffs in this action as garnishee? We think not.

The court below should have construed the contract of March 15, 1871, and instructed the jury accordingly. It certainly would be gross injustice to hold Duble bound to pay the money to the plaintiffs under their writ of garnishment, and yet leave him bound, as he certainly is, to credit the money to the Haileys on their note, in accordance with the contract. His quibbling about what was meant by discounting at fifteen per cent., after the checks and cotton had come into the hands of his agent, can make no difference in the case. Should the matter ever come before a court, it is a matter easily ascertained what is meant in commercial parlance by discount at fifteen per cent.

The judgment of the District Court is reversed and the cause remanded.

REVERSED AND REMANDED.