St. Louis & San Francisco Railroad Company, *a corporation*, v. Walter Bradford.

(Filed February 13, 1907.)

1. **APPEAL—When not Allowed.** In an action within the justice of the peace jurisdiction of the probate court, where damage in the sum of not more than twenty dollars is involved, and the issues have been joined by the appearance and answer of defendant, and said cause has been tried to a jury summoned and empanelled upon the demand of the plaintiff, the defendant not appearing upon the trial, the district court cannot acquire jurisdiction to retry said cause upon appeal.

2. **SHAM PLEA.** Where an action in the probate court within the justice of the peace jurisdiction, is brought to recover a sum not exceeding twenty dollars, the defendant cannot bring the case within the jurisdiction of the district court on appeal by pleading in the probate court a counter claim or set off for more than $20, which plea is sham and frivolous as to the amount.

(Syllabus by the Court.)

*Error from the District Court of Custer County; before C. F. Irwin, Trial Judge.*

*Flynn & Ames,* for plaintiff in error.

*John C. Shull,* for defendant in error.

Opinion of the court by

Gillette, J.:   In this case the question involved is of the jurisdiction of the court below to hear and determine it.   The action was brought originally in the probate court of Custer county to recover damages in the sum of twenty dol-

lars for the negligent killing of ten shoats, in the operation of defendant's line of railway.   The defendant answered the petition of plaintiff, denying the material allegations thereof and for a second defense stated that it was not liable because the plaintiff had permitted his hogs to run at large and failed and refused to confine them as required by law, and that while running at large at the time of the injury, they had trespassed upon the right of way of the defendant, and by breaking through, tearing down and destroying the grass upon the right of way had damaged the defendant in the sum of $25.00. When this answer was filed the probate court upon motion struck out the counter claim for $25.00 upon the ground that it was a sham and fictitious plea.

At a later date the cause was tried in that court to a jury summoned upon the demand of the plaintiff, the defendant making default of appearance at the trial, which trial resulted in a verdict and judgment for the plaintiff in the sum of twenty dollars, from which the defendant appealed to the district court.

In the district court the plaintiff moved to dismiss the appeal for the want of jurisdiction in the district court to hear and determine the same upon appeal, which motion was overruled, Mr. Justice Burwell at the time presiding; and thereafter, by leave of court, the defendant filed an amendment to its answer, alleging the damage was sustained by reason of the contributory negligence of plaintiff.   Trial was had to a jury in the district court, resulting in a second verdict for the plaintiff in the sum of $20.00, which was set aside and new trial awarded.   At the next term of the court a second motion was filed to dismiss the case for want of jur-

isdiction, Mr. Justice Irwin, at the time presiding, and he sustained said motion and remanded the cause to the probate court· This appeal is predicated upon error in sustaining the second motion, which challenged the jurisdiction of the district court.

The record does not show that the second motion challenging the jurisdiction of the court was filed by leave of court.

There are numerous authorities which hold that where no leave to renew a motion has been granted, the court will not entertain a motion which is virtually a review of an order previously made, the subject matter being treated as *res judicata* where the same had not been reviewed with leave of the court· But we think this rule not applicable in a case where the court has entertained and determined the motion after an amendment has been made to the pleadings as in this case.

The appeal, bringing into the court, as it does, the cause of action tried by a jury in the justice of the peace jurisdiction of the probate court, and the amendment to the answer showing that the defense was that of contributory negligence a trial court must necessarily determine its own jurisdiction and it may do so at any stage of the proceeding. It would seem, therefore, a matter of but little consequence as to how the attention of the court was directed to the jurisdictional question. In this court the only question of moment is as to whether or not such question of jurisdiction was correctly determined, and if correctly determined adversely to the jurisdiction of the court below, a reversal cannot be had. To determine this question this court must take the case as it

stood in the district court of Custer county.    As hereinbefore stated, the action was brought to recover twenty dollars damages, and was tried by a jury in the absence of defendant.

Two questions are necessary of determination in order to reach the question of jurisdiction of the district court.

First, was the case upon the plaintiff's bill of particulars, as it stood at the time of the trial in the probate court, triable by a jury in the absence of the defendant; and,

Second, did the court have the power to strike out the counter claim of the defendant for twenty-five dollars damages, leaving the case standing as one for the recovery of twenty dollars only?

We think both of these questions must be answered in the affirmative.

The statutes of this territory, sec. 5017, Wil. Ann. Stat provide:

"In all civil actions after an appearance of the defendant and before the justice shall proceed to enquire into the merits of the case, either party may demand a jury to try the action etc."

In this case, the defendant had appeared and answered and the issues in the case were fully made up. It was an action for unliquidated damages which required proof as to their character and amount. The plaintiff had a right to have such damages measured by a jury, and the defendant after answer filed, could not prevent it by merely absenting itself from the trial·  That the plaintiff might have waived his right to a trial by jury, and submitted his cause to the court, there can be no question, but he was not compelled to do so because the defendant saw fit to stay away from the trial after having appeared and answered.

The second question is more difficult of determination. The answer of the defendant set out the fact that the plaintiff permitted the animals to trespass upon the right of way and premises of the railroad company, and that they tore down and destroyed the grass growing thereon, to the damage of the railroad company in the sum of twenty-five dollars. This counter claim for twenty-five dollars, the plaintiff moved in the probate court to strike out of defendant's answer, because it was a sham pleading, which motion was sustained. by the probate court. If it was a sham pleading, as determined by the probate court, the defendant acquired no right by filing it. The motion to strike out was supported by the affidavit of the plaintiff and one L. S. Bradfield, who stated that there was no truth in or foundation whatever for this counter claim of defendant. The truth of these affidavits was not at the time and have not since been contradicted or questioned

We take it for granted that a sham pleading filed for the purpose of bringing the cause within any particular jurisdiction of the court, will not confer such jurisdiction, and such sham pleading may be stricken from the record whenever the fact is made to appear. Such a pleading is a fraud upon the court, and the party filing the same will not be permitted to secure any benefits therefrom.

At common law, a sham or frivolous pleading might be treated as a nullity, or the person affected thereby, might apply to the court for an order striking it out. To determine in all cases what is a sham pleading is difficult. We know of no general rule that governs in cases of this kind, but we take it that when a pleading is attacked by motion and affidavit as being sham, and upon examination is found to be a declar-

ation wholly at variance to the experience of all men, the court would be justified in declaring it to be a sham and fictitious plea, and order that it be stricken from the records for that reason.

The statute of Oklahoma provides that a defendant in an action may set forth in defense as many grounds of defense counter claims, set off and for relief as he may have, whether legal, equitable or both, but provides further that a counter claim must be one existing in favor of defendant and against the plaintiff, between whom a several judgment might be had in the action, and arising out of the transaction set forth in the petition or connected with the subject of the action. In this case the defendant is charged with the negligent killing of certain hogs, and the petition sets out the acts of negligence complained of. The defendant for a first defense denied the allegations of plaintiff's petition, and for a second defense stated that plaintiff, carelessly, negligently and unlawfully permitted his hogs to run at large, and that said hogs while running at large strayed upon defendant's right of way at the time and place where they were killed and tore down and destroyed the grass growing thereon, to the damage of defendant in the sum of $25.00. This ground of defense stated no defense except the counter claim plead, and how the trespass of the hogs on the grass growing on the right of way would be connected with the subject matter of the action which was a charge of negligently killing them in the operation of the road, we are unable to preceive. It would at best be a strained construction of the statute to so hold.

But when you add, that at the time and place where the hogs strayed upon the right of way, they tore down and de-

stroyed grass to defendant's damage in the sum of $25.00 our credulity is overtaxed in an effort to hold that such a declaration was not a sham pleading filed for the purpose of bringing the case within the jurisdiction of the district court upon appeal. We think that it was so filed and that the probate court was justified in sustaining the motion to strike it from the files. Such pleading could not confer jurisdiction upon the district court, and it was justified in such determination, and, therefore, justified in dismissing the appeal.

The judgment of the district court is therefore affirmed

Irwin, J., who presided in the court below, not sitting; Burwell, J., dissenting; all the other Justices concurring.