HAZLETT *et al.* v. WILKIN.

No. 3461.   Opinion Filed April 17, 1914.

(140 Pac. 410.)

1.  **APPEAL AND ERROR**—Exclusion of Immaterial Evidence.   It is never reversible error to refuse immaterial evidence.

2.  **SET-OFF AND COUNTERCLAIM**—Damages from Tort—Action on Contract.   Damages arising out of an actionable tort in a land trade, cannot be set off or counterclaimed, in a suit on a contract which was separate, distinct, and apart from the transaction in which the tort was committed.

3.  **FRAUD**—Expression of **Opinion.**   A purchaser of land cannot predicate fraud upon statements made by the vendor which, either by reason of their form or subject-matter, show to be mere expressions of opinion.   A purchaser is not justified in relying upon the accuracy of such statements, and if he does, and the opinion turns out wrong, the purchaser has no action because thereof.

(Syllabus by Brewer, C.)

*Error from District Court, Oklahoma County;*
*W. R. Taylor, Judge.*

Action by R. L. Wilkin against C. W. Hazlett and others. Judgment for plaintiff, and defendants bring error.   Affirmed.

*J. H. Grant,* for plaintiff in error.

*John Roaten, John H. Wright,* and *Clarence J. Blinn,* for defendant in error.

Opinion by BREWER, C.     The defendant in error, R. L. Wilkin, sued the plaintiffs in error, C. W. Hazlett, and his wife, Caroline, in the district court of Oklahoma county, and asked for judgment on their promissory note in the sum of $2,174 and the foreclosure of a mortgage on certain lots in Oklahoma City. In their last amended answer the defendants admit the execution of the note and mortgage, and then for further defense and for their cross-petition allege that the note and mortgage had been procured through the fraud and deceit of plaintiff, and because of certain false and fraudulent statements of plaintiff, upon which

defendants relied and acted, and without which they would not have made the trade resulting in the note and mortgage, and because of which they had been damaged in a sum in excess of the note and mortgage. Defendants pray for a cancellation of the note and mortgage, for their costs and damages in excess thereof. To the allegation of the cross-petition the plaintiff filed a general denial for a reply. A jury was impaneled to try the issues thus presented, and at the close of all the evidence the court, upon motion of the plaintiff, withdrew the cause from the jury, and rendered judgment for plaintiff for the amount of the note sued on and for a foreclosure of the mortgage securing the same. The cause comes here by case-made, properly certified, and the plaintiffs in error, in the discussion hereafter referred to as defendants, present two grounds for a reversal: First, that the court refused to admit competent evidence; second, that the court erred in withdrawing the cause from the jury and rendering judgment for plaintiff.

The facts out of which this controversy arose, briefly summarized, are: That the defendant Hazlett some time in the fall of 1907 made a trip to the western part of the state for the purpose of buying a farm. Not finding one to suit him on this trip, he returned to Oklahoma county and enlisted the services of a real estate agent named Doxsie, who had been handling property for him, to go with him in search of a suitable place. They went to Roger Mills county about the 4th of December, 1907, to the home of the plaintiff, arriving after night, and with him they passed the night. It does not appear that Wilkin previously knew of their coming, or had been in any negotiations with either of them relative to selling the defendant his farm. That next morning, however, a trade was mentioned, and the plaintiff priced his farm of 390 acres at $8,500, offering to take a small payment in cash, the assumption of a certain mortgage then on the farm, and the remainder of the purchase price to be closed up by note and mortgage. After looking at other farms in the vicinity the defendant accepted the terms offered and bought the farm. On the same trip and thereafter the defendant bought a large amount of live stock, feed, farming machinery, and utensils then on the

farm, at certain agreed prices for the various items, and a month later executed the note and mortgage in suit on the Oklahoma City property, for the purchase price of this personal property. Some months afterwards the defendant, not having been able to obtain as large and as advantageous a loan on the lands he had bought as he desired, rescinded the land trade by mutual agreement with plaintiff, and deeded the land back.

The claim of fraud made by defendant relates solely to the land trade. It consists in the claim that plaintiff and the man Doxsie whom defendant avers was plaintiff's agent, but who in fact came into the matter at defendant's instance, had represented to him that he could obtain a loan from the State School Land Department in the sum of $5,000, with interest rate of 5 per cent. on the lands he was buying, and that, relying upon this representation, he bought the land, and that the representations were false and untrue; that there were certain irregularities in the title to the land which were objected to by the School Land Department, and that under its rules and regulations it would not loan more than $2,500 to any one borrower regardless of the value of his property. The defendant then claimed that the purchase of the personal property was a part and parcel of the land trade; and that he agreed to give double the value of the personal property, or nearly so, because he thought he was getting the land cheap; and that he would not have bought the personal property at the price, except for the fact of the land trade; and that he would not have made the land trade but for the fraudulent representations of plaintiff relative to the loan he could obtain on it; and that because of all these things, the note and mortgage in suit were fraudulently obtained and were without consideration, and ought to be canceled and held for naught.

1. The plaintiff in error complains that an objection was sustained to a question asked of the plaintiff, which was intended to show that he would not have received back the personal property for which the note was given, had a return been offered. As a matter of fact the question was answered as desired by defendant, regardless of the fact that the objection to it had been sustained, and the answer was not stricken or withdrawn from

the jury. But, as we view the case, the evidence never developed to a point at which this question became material. If the defense failed for want of proof, and we think it did, the offer to return was quite unimportant.

2. We have examined the evidence, claimed in the briefs to be material, and think the court was quite right in withdrawing the case from the jury and rendering judgment for plaintiff. There was no valid defense shown by the evidence, nor was the right to recover damages made to appear. The evidence fails for at least two reasons: First. It shows that the purchase of the personal property was a distinct and separate transaction from that of the purchase of the farm. It is clearly shown that the land transaction had been completed without reference to, or mention of, a sale of the personal property. While the defendant says he would not have needed or bought the personal property if he had not had the farm, yet his own evidence shows that the land trade had been fully agreed upon, and the live stock trade came up later as a distinct and independent matter. This being the case, even if there was an actionable tort in the land trade, damages arising out of it cannot be set off or counterclaimed, in a suit on a contract, which was separate, distinct, and apart from the matter in which the actionable tort was committed. *First National Bank of Lawton v. Thompson,* 41 Okla. 88, 137 Pac. 668, and cases cited; *St. L. & S. F. R. Co. v. Bradford,* 18 Okla. 154, 88 Pac. 1050; sections 4745-4747, Rev. Laws 1910, and citations; *Nation v. Planters' & Mechanics' Bank,* 29 Okla. 819, 119 Pac. 977.

But aside from the unavailability of the claim for damages, the evidence of statements made by plaintiff to induce the trade fails to make a case of fraud and deceit. The evidence in its strongest light is that plaintiff and Doxsie told defendant that the officers of the School Land Department of the state government, who handle the school funds, would loan him $5,000, at 5 per cent. interest, on the farm. It is not claimed that plaintiff or Doxsie were officers of, or in any way connected with, the School Land Department, or the loaning of the school funds, or that they had any greater or other knowledge of what the

officials might, could, or would do, in the matter of making a loan, than defendants or other citizens had. The loaning of school funds by the officers charged with that duty involves the exercise of discretion and judgment to be applied to each application for a loan. No man has a right to believe and rely upon the guess of another as to what the judgment and decision of another man may be in a given case calling for discretion, judgment, and decision. This leads us to say, without hesitation, that if the statements were made as charged, it was, and could be, under the circumstances, nothing more than a statement of opinion. And defendant had no right to receive or believe it to be other or greater than that. It must appear to any one that the facts it is claimed were stated were not and could not have been within the personal knowledge of plaintiff. We do not feel like passing this question by, however, without saying that both Wilkin and Doxsie deny making the statements in the manner attributed to them. Wilkin denies saying anything about it. Doxie says he merely stated, in discussing the probability of a loan by the department, that he thought the tract of land to be of sufficient value to justify a loan of $5,000. This is the more reasonable and probable view of what did occur.

In 20 Cyc. 51, it is said:

"According to the principles before stated, if the vendor's statement, either by reason of its form or subject-matter, is merely the expression of an opinion, it is one on which the purchaser is not justified in relying, and therefore is not actionable."

See note 15. Century Digest, vol. 23, sec. 12, p. 1668, tit. Fraud (and numerous illustrating cases cited and digested).

The cause should be affirmed.

By the Court: It is so ordered.