## COTTRELL v. LIVERGOOD.

No. 11459—Opinion Filed June 21, 1921.

Rehearing Denied Aug. 31, 1921.

(Syllabus.)

**Trial—Demurrer to Evidence—Consideration.**

One interposing a demurrer to the evidence admits all facts which the evidence tends to prove, and all the inferences or conclusions which may be reasonably and logically drawn therefrom. Therefore, where a petition states a cause, or when the evidence and all the inferences reasonably deducible therefrom fairly sustain a cause of action and the proof fairly sustains same, it is error to sustain the demurrer to the evidence.

Error from District Court, Kay County; J. W. Bird, Judge.

Action by D. D. Cottrell against J. H. Livergood to recover on thresher bill. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

J. L. Roberson and C. L. Pinkham, for plaintiff in error.

J. F. King, for defendant in error.

ELTING, J. This action was brought in the district court of Kay county, Oklahoma, by D. D. Cottrell, plaintiff, against J. H. Livergood, defendant.

The material parts of the plaintiff in error's petition is as follows:

"That prior to the 29th day of July, 1918, the plaintiff and defendant entered into an agreement, which agreement was oral, in which it was agreed by the plaintiff and defendant that the plaintiff was to thresh the defendant's wheat, and the defendant agreed to pay the plaintiff twenty-two (22) cents per bushel for each and every bushel so threshed. It was further agreed that the plaintiff furnish all the threshing crew and teams and board for the crew to complete the threshing.

"The plaintiff further alleges that he performed all the conditions of the oral agreement, and did on the 29th and 30th of July, 1918, thresh for the defendant one thousand and forty-one (1,041) bushels of wheat. That there is now due and owing from the defendant to the plaintiff the sum of two hundred twenty-nine and twenty-two hundredths ($229.22) dollars, which the defendant refuses to pay."

To the petition of the plaintiff, the defendant below, defendant in error herein, J. H. Livergood, filed an answer, the material parts of which answer are as follows:

"Defendant admits the plaintiff had charge of and operated a threshing machine in Kay county, during the threshing season of 1918, and that he threshed wheat and oats for various persons in Kay county, Oklahoma, and that about the latter part of July, 1918, he threshed for this defendant in said county, 1,041 bushels of wheat, plaintiff furnishing the threshing crew, teams, and board for the crew, to complete the threshing.

"Defendant furthering answering states the facts to be, that a short time previous to the said threshing he and the said plaintiff made and entered into an oral contract and agreement whereby it was mutually agreed and understood that the said plaintiff should do the said threshing for this defendant and furnish everything to complete the same, and that the compensation for said threshing should be fixed and determined by the Kay county counsel of defense."

In addition thereto the defendant in error alleged certain other facts pertaining to the county counsel of defense, and their action in regard to fixing threshing rates, and that the plaintiff had entered into a contract in writing, together with other threshermen, with the county counsel of defense, whereby they agreed to thresh wheat for eighteen (18) cents; and admitted an indebtedness of $187.38 to the plaintiff in error, alleged tender of said sum, and offered to confess judgment in said sum.

To the said answer, the plaintiff in error first filed a motion to require defendant to make his answer more definite and certain; same was overruled, whereupon the plaintiff in error filed a demurrer to certain portions of the defendant in error's answer, and the same was overruled by the trial court.

Said cause went to trial before a jury, and the plaintiff introduced evidence in support of his petition and proof of the agreement by J. H. Livergood to pay the plaintiff twenty-two (22) cents per bushel for threshing his grain. The defendant of-

fered no evidence in rebuttal and upon his theory of the agreement, but presented to the court the following demurrer to the evidence of the plaintiff: ·

"Comes now the defendant and demurs to the evidence introduced by the plaintiff, on the ground and for the reason that the evidence fails to disclose or prove that the plaintiff is entitled to more than the price fixed for threshing wheat by the council of defense of Kay county, Oklahoma, and for the further reason that the plaintiff admits that he knew before he threshed for the defendant that the price for threshing wheat in Kay county had been fixed by the county council of defense, and for the further reason that the plaintiff, in writing, agreed to be bound by the price fixed by the council of defense for Kay county as to the threshing of grain in Kay county, and since there is no dispute as to the number of bushels threshed, to wit, 1,041, and since the council of defense fixed the price for threshing wheat at 18 cents per bushel, the defendant moves the court for a peremptory instruction, instructing the jury to return a verdict in favor of the plaintiff and against the defendant for 1,041 bushels of wheat at 18 cents per bushel, or $183.07 ($187.38)"

The plaintiff offered three requested instructions, which were refused by the court and exceptions saved, whereupon the court instructed the jury as follows:

"Gentlemen of the jury, you are instructed that there is no dispute as to the number of bushels threshed in this case being 1,041 bushels of wheat and that the plaintiff furnished everything, except food for the horses. You are further instructed that the council of defense of Kay county had fixed the price for such threshing at 18 cents per bushel. You are therefore instructed to return a verdict in favor of the plaintiff and against the defendant for threshing 1,041 bushels of wheat at 18 cents per bushel, or $187.38."

Whereupon the jury returned into court the following verdict:

"We, the jury empaneled and sworn to try the issue in the above entitled cause, do, upon our oaths, find the issues in favor of the plaintiff and against the defendant and assess the amount of plaintiff's recovery at $187.38."

The plaintiff gave notice of appeal to the Supreme Court after his motion for a new trial had been overruled, and record and petition in error were filed in this court, setting out several assignments of error.

We think the only question of error for our determination is, did the court commit error in sustaining the demurrer to the plaintiff's evidence and instructing the kind of verdict he did? We hold he did. We see nothing in this case except an issue of fact between the plaintiff and defendant as to what was the contract between the plaintiff and the defendant, and as to what was to be charged per bushel for threshing the defendant's wheat. The plaintiff contends that the defendant agreed to pay him 22 cents per bushel; the defendant's contention of the agreement was that he was only to pay the amount fixed by the county council of defense, or 18 cents per bushel. This was the issue joined in the pleading, and should have been tried out to the jury on the evidence of the parties. The other matters pleaded in the answer were surplusage and of no legal effect. The trial court committed error in sustaining the demurrer of the defendant to plaintiff's evidence and in instructing the jury to return a verdict as prayed for by the defendant. The evidence of the plaintiff sufficiently sustained his theory of the contract. .

In the case of T. H. Rogers Lumber Co. v. M. W. Judd Lumber Co., 52 Okla. 387, 157 Pac. 148, the following rule is laid down:

"One interposing a demurrer admits all the facts which the evidence tends to prove, and all the inferences or conclusions which may be reasonably and logically drawn therefrom. Therefore, where a petition states a cause of action and the proof fairly sustains same, it is not error to deny demurrer to the evidence."

We hold that the plaintiff's petition states a cause of action, and we hold that the proofs fairly sustain the same, and the court committed error in giving the instruction that it did.

Therefore, this cause is reversed and remanded for a new trial not inconsistent with the holdings herein.

HARRISON, C. J., and PITCHFORD, McNEILL, and NICHOLSON, JJ., concur.