## ROCK v. FISHER.

No. 11164—Opinion Filed May 15 1923.

Rehearing Denied July 17, 1923.

**1. Trial—Demurrer to Evidence.**

When the facts are undisputed and are capable of more than one inference, and being such inferences as reasonable men may draw from said facts, and some of which may be favorable to one party and some favorable to the other party to the suit, then, in that event, the court is not justified in sustaining a demurrer to the evidence, and it is reversible error to do so.

**2. Contracts—Offer and Acceptance.**

All express executory contracts resolve themselves, upon analysis, into an offer by one of the parties, and acceptance of that offer by the other party. The act of acceptance closes the contract, and ordinarily nothing further is required to make the obligations effective, and in the absence of any form of acceptance expressed in the offer no specific formalties are required.

**3. Sales—Acceptance of Order—Action for Damages for Nonacceptance of Goods.**

Where A. admits he ordered goods from B., which order was conditioned on acceptance by B., if the subsequent actions by A. and letters written by A. to B. evidence the fact that he considered his order as accepted and gives directions as to the time for filling the order, this will imply such

actual notice to A. as to entitle B. to go to a jury upon the facts.

(Syllabus by Ruth, C.)

·Commissioners' Opinion, Division No. 3.

Error from District Court, Carter County; John L. Coffman, Judge.

Action by Charles F. Rock, assignee of the Oklahoma Mill Company, against F. W. Fisher. From a judgment for the defendant sustaining the defendant's demurrer to plaintiff's evidence, plaintiff brings error. Reversed and remanded.

Ed Slough, for plaintiff in error.

Brown & Williams, for defendant in error.

Opinion by RUTH, C. This was an action instituted in the district court of Carter county, Okla., by the plaintiff in error, as assignee of the Oklahoma Mill Company, against the defendant in error to recover the sum of the difference in the market price on a carload of flour and mill stuff between the date of placing the order and the date upon which it was to be delivered, to wit, September 1st, which date was afterward extended upon request of the defendant to September 10, 1917.

The plaintiff's petition contains the following allegations, to wit: That Fisher ordered a carload of flour and mill stuff from the Oklahoma Mill Company on August 1, 1917, and that the milling company entered said order on its order book and that receipt of the order was acknowledged by letter to Fisher and he was advised that the mill would make shipment promptly on the date specified in the order, which was September 1, 1917. That on August 25, 1917, Fisher wrote the milling company asking for an extension of time in which to· receive the carloads of mill stuffs until September 10, 1917, in which Fisher is alleged to have said as follows, to wit:

"Owing to the late movement of cotton, I will not be in a position to pay draft, I would like for you to hold my order for car of flour and feed until September 10th. Please send me the amount of the car and I will try and send you check direct before car is shipped. Trusting you will grant my request, I am, Yours very truly, F. W. Fisher."

That the milling company "answered that letter" of Fisher's and granted the extension of time and thereafter, on September 1st, Fisher wrote the milling company for certain information and further said: "As soon as I hear· from you, I will order the car out", and thereupon the milling company "answered this letter," and in reply the milling company on September 7, 1917, received a letter from Fisher, in which Fisher refers to "my order placed with you by your Mr. Norman", and Fisher ordered cancellation of said order, to which the milling company replied by telegram that they could not accept cancellation, to which telegram Fisher replied by telegram on September 10th, the day on which the car was to have been shipped, in which Fisher says, "Shall not receive the car under conditions. Need not ship."

Plaintiff then alleges a difference in market price between August 1, 1917, and September 10, 1917, whereby plaintiff suffered a loss in the sum of $235, and further sets up an assignment to Rock, who brings this action for the sum of such difference.

The defendant, Fisher, in his answer admits signing the order of August 1st, and alleges the order contained the following clause:

"This contract shall not be valid and binding until the same shall have been confirmed by the Oklahoma Mill Company of Kingfisher, Oklahoma"

—and that he, Fisher, canceled the order before it was confirmed by the milling company and relies upon this cancellation for his defense, and admits in his brief that "the only question for the court to determine in this case is whether the Oklahoma Mill Company had accepted the order of Mr. Fisher and had communicated this fact to the defendant before cancellation of the order by him."

The cause came on regularly for trial before the district court of Carter county, and the jury was duly impaneled and sworn, and upon trial the court excluded, over objection of plaintiff, the letters purported to have been written by the milling company to Fisher, upon the ground that no showing had been made that the same were enclosed in envelopes properly addressed, with postage prepaid, and deposited in the United States mail. ·

The court admitted without objection the evidence of the manager and secretary of the milling company that the order was entered upon the mill's books, receipt of order was acknowledged by letter to Fisher, and that shipment would be made on date specified, to wit, September 1, 1917.

The plaintiff introduced a letter from Fisher to the milling company dated August 25, 1917, wherein Fisher asked an extension of time until September 10, 1917, on which date he, Fisher, would forward

check for full amount prior to shipment of the car, and the court, without objection, admitted in evidence a letter from Fisher to the milling company wherein Fisher requested certain information and used the following words therein: "As soon as I hear from you, I will order the car out."

The evidence discloses the fact that the milling company "answered this letter", but a carbon copy thereof was excluded by the court, for the reason hereinbefore stated in the statement of the case, but without objection plaintiff introduced a letter from Fisher to the milling company in which Fisher refers to "my order placed with you," and directs the milling company not to ship, and says "I will cancel this order"; and the court further admitted in evidence a telegram from the milling company to Fisher, declining to accept cancellation and without objection. admitted a telegram from Fisher to the milling company dated September 10, 1917 (the date of the proposed shipment as extended by request of Fisher), in which Fisher refused to receive the car.

Thereupon the plaintiff introduced evidence fixing his damages at the difference in the market price of the order between the date of the order and the date of the proposed shipment. The defendant interposed a demurrer to the evidence, for that it did not constitute a cause of action in favor of the plaintiff and against the defendant, which demurrer was by the court sustained, and from the judgment of the court in sustaining the demurrer, the plaintiff prosecuted his appeal to this court.

It is a well-settled rule of this court that an assignment of error not presented by the brief will be considered as abandoned and the plaintiff in error presented but two propositions:

"1. The evidence admitted was sufficient, being uncontradicted, to have supported a verdict for the plaintiff."

"2. There was evidence excluded from the record offered by the plaintiff that should have been admitted."

On the part of the defendant in error, he presented his case on but one proposition, to wit:

"The only question for the court to determine in this case is whether the Oklahoma Mill Company had accepted the order of Mr. Fisher and had communicated this fact to the defendant before cancellation of the order by him."

It is necessary to notice but one assignment as it is decisive in this case. Did the court err in sustaining the demurrer to the evidence of the plaintiff introduced at this trial? We think the court did so err.

In Farmers' State Bank of Jefferson v. Jordon, 61 Okla. 15, 160 Pac. 53, this court said:

"In a long line of cases our court has held that a demurrer to the evidence admits all the facts which the evidence in the slightest degree tends to prove, and all the inferences and conclusions which may logically and reasonably be drawn from the evidence; some of the more recent cases being Marshall Mfg. Co. v. Dickerson et al., 55 Okla. 188, 155 Pac. 224, and Anderson v. Kelley, 57 Okla. 109, 156 Pac. 1167."

In Cottrell v. Livergood, 82 Okla. 301, 200 Pac. 185, it is said:

"Where the evidence and all the inferences reasonably deducible therefrom fairly sustain a cause of action, it is error to sustain a demurrer to the evidence."

In Waldrep v. Exchange State Bank of Kiefer, 81 Okla. 162, 197 Pac. 509, it is said:

"When the facts are undisputed and are capable of more than one inference and being such inferences as reasonable men may draw from said facts, and some of which may be favorable to one party and some favorable to the other party to the suit, then, in that event, the court is not justified in sustaining a demurrer to the evidence or in giving an instructed verdict, and it is reversible error to do so."

In Danciger v. Isaacs, 82 Okla. 263, 200 Pac. 164. it is said:

"When a demurrer is interposed to the evidence of plaintiff and there is competent evidence reasonably tending to support the allegations to the petition, it is error to overrule such demurrer."

From Anderson v. Kelley et al., 57 Okla. 109, 156 Pac. 1167, we quote:

"A demurrer to the evidence admits the facts which the evidence tends to establish, and all reasonable inferences of fact favorable to the demurree naturally arising therefrom."

See, also, Taylor, Administrator, v. Enid National Bank, 77 Okla. 74, 186 Pac. 232; Smith v. Rockett, 79 Okla. 244, 192 Pac. 691; Helm v. Mickleson, 66 Okla. 290, 170 Pac. 704; J. I. Case Threshing Machine Company v. Rennie, 71 Oklahoma, 177 Pac. 548.

Without passing upon the question of the exclusion of the milling company's letters to Fisher, upon the ground that same were not shown to have been properly addressed and properly mailed with postage prepaid, the old rule appears to have been modified to the extent that such expressions as "wrote him a reply," "answered his letters," etc., imply mailing in proper form.

In Oregon Steamship Company v. Otis, 100 N. Y. 466, 53 Am. Rep. 221, the witness testified that he sent three letters written by him to Otis, and the court said:

"In the absence of any proof to the contrary, or any inquiry as to the mode, we must understand this to mean that they were mailed in the usual manner. * * * It would be extremely critical to deny the form of expressions used by the witness 'its ordinary and usual interpretation.' On such a state of facts the jury were authorized to believe that their three letters sent to Otis were received by him."

Eppinger v. Scott, 112 Cal. 369, 53 Am. St. Rep. 220. In this case the witness testified that he sent a telegram and the question was raised that it was not shown that a telegram was delivered to the telegraph company for transmission, or the rates therefor prepaid. The court said:

"The presumption is one of fact and is entitled to more or less weight, according to the circumstances under which the telegram or letter was sent, and its receipt may be disproved; but the fact that it was sent is admissible evidence and tends to show it was received."

In the instant case, there was undisputed evidence showing the order was placed by Fisher; that it was entered on the mill's books and receipt acknowledged by letter; that a reply was received from Fisher; that several letters and telegrams were sent by Fisher to the milling company indicating he knew his order had been confirmed and offering to make cash payment in advance if shipment was extended from September 1st to September 10, 1917, and attempted cancellation by wire on September 10th.

Certainly the letters sent by Fisher asking for an extension of time and offering to pay spot cash for the car, and his subsequent letter in which he says that upon receipt of certain information he will order the car out, imply knowledge on his part that his order of August 1st had been confirmed by the Oklahoma Mill Company.

The general doctrine, as laid down in 7 Cyc. 125, is as follows:

"All express executory contracts resolve themselves upon analysis into an offer by one of the parties and an acceptance of that offer by the other. The act of acceptance closes the contract and ordinarily nothing further is required to make the obligations effective. No specific formalities are required."

Citing Thurston v. Thornton, 1 Cush. (Mass.) 89; Thames L. & T. Co. v. Beville,

100 Ind. 309; Duble v. Batts, 38 Tex. 312; Kleinhaus v. Jones, 37 U. S. App. 193.

In Corning v. Code, 5 Wend. (N. Y.) 254, the court said:

"Where there is no evidence of acceptance, notice of refusal to accept is not necessary, and whether there has been an acceptance or not is a question of fact for the jury."

This court quoted with approval from Beckwith v. Talbert, 95 U. S. 280, 24 L. Ed. 496, in Farmers' Produce Co. v. McAlester Storage & Commission Co., 48 Okla. 488, 150 Pac. 483, as follows:

"It is sufficient if, in the course of the transaction, the party to be charged in some writing signed by him, or his duly authorized agent, recognizes or ratifies and agreement sufficiently explicit in terms, and disclosed in writings, which show unmistakably that they relate to the same transaction."

Upon consideration of all the plaintiff's evidence admitted by the court, we cannot say that the defendant did not have knowledge of the acceptance or confirmation of his order by the Oklahoma Mill Company prior to his attempted cancellation, and such evidence should have gone to the jury, and under the unbroken line of decisions by this court, the judgment of the trial court in sustaining the defendant's demurrer to the plaintiff's evidence was error, and for the reasons herein stated the judgment of the trial court will be reversed, and the cause remanded with instructions to grant a new trial in conformity herewith.

By the Court: It is so ordered.