## WESTERN SILO CO. v. PRUITT.

No. 11866—Opinion Filed Dec. 11, 1923.

**1. Contracts—Oral Stipulations Superseded by Writing.**

**2. Evidence—Oral Evidence Varying Written Contract—Representations.**

**3. Same—Sales—Oral Warranty.**

Evidence of an oral warranty relating to an article which is the subject-matter of a written contract of sale is generally held inadmissible. Accordingly where, in the absence of fraud or mistake, a written contract for sale of personal property is complete in itself, but silent upon the subject of a warranty, oral evidence is not admissible to show a warranty of quality. (10 R. C. L., sec. 219, p. 1027.)

**44  Bills and Notes—Renewal Note as Waiver of Defense of Partial Consideration.**

Where one gives a note in renewal of another note, with knowledge at the time of a partial consideration for the original note, or false representations by the payee, he waives such defense, and cannot set it up to defeat a recovery on the renewal note. And where one giving such renewal note either had knowledge of such facts and circumstances, or by the exercise of ordinary diligence could have discovered them and ascertained his rights, it becomes his duty to make such inquiry and investigation before executing the renewal note, and if he fails to do so, he is as much bound as if he had actual knowledge. (Franklin Phos. Co. v. Int. Harvester Co. of America, 62 Fla. 185, 57 South. 206.)

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Errorr from District Court, Johnston County; J. H. Linebaugh, Judge.

Action by Western Silo Company against J. R. Pruitt. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

E. D. Slough and T. G. Gibson, for plaintiff in error.

Ratliff. & Ratliff, for defendant in error.

Opinion by JONES, C. This suit was instituted by the plaintiff in error, plaintiff below, against defendant in error, defendant below, J. R. Pruitt, in the district court of Johnston county, to recover on a promissory note due November 15, 1915, the sum of $118, interest and attorneys fee. The note was a renewal of a note maturing November 1, 1914, the original note being for a part of the purchase price of a silo sold by the plaintiff to defendant, on June 12, 1913, under a written contract of sale.

As a defense to said cause of action and note sued on, the defendant alleged that at the time of the purchase of the silo, there was a contract of sale, partly written and partly verbal, the verbal part providing for a warranty to the effect that the silo would be of perfect workmanship and would keep and preserve good ensilage, and warranted said silo to last for ten years, and the material to be of heart pine.

The case was tried by a jury, and on the 10th day of May, 1920, a verdict was returned for defendant. Plaintiff filed his motion for a new trial, the same being overruled, and prays an appeal.

The note sued on was a plain promissory note bearing date of December 15, 1914, and the contract of purchase between the plaintiff, Western Silo Company, and defendant, J. R. Pruitt, provided that the consideration for said silo was $256, one-third payable November 1, 1913, balance due November 1, 1914, for which a note was given and the note sued on is a renewal of the note due November 1, 1914, and the only part of said contract that is material to the issues here involved is as follows:

"Please ship to me the following on or before July 1st, 1913, or at your earliest convenience: Point Mannsville, Mail Address Mannsville R. F. D. No. 1, 1 Silo; diameter 12, height 26, material pine 2 P., price $225. Cutter: No.---Mounted---Ft. of Pipe. Price--- Total $255. Terms 1-3 on Nov. 1st 1913; Bal. due Nov. 1st, 1914.

"Bill of lading and settlement papers are to be mailed to the First State Bank of Mannsville, and I agree to receive the above mentioned articles and make settlement in accordance with the terms specified above immediately on receipt of the goods.

"If upon receipt of silo, any part is found defective or missing, I will within ten days, notify the Western Silo Co. in writing and give them reasonable time to replace all such parts, and at such time as such replace-

ments are made, their responsibility ceases.

"It is understood that this order constitutes the entire and only agreement between the parties hereto, and the Western Silo Co. will not, under any circumstances, allow any deductions of whatsoever nature not specified in this order."

Defendant in error offered proof of the character of the material used in the construction of the silo and the effect had upon and condition of the ensilage which he placed in same, and the verbal warranty. All of which was objected to by plaintiff in error, which objections were overruled by the court and the defendant, as a witness, was permitted to testify to the effect that there was one stave short, and that a portion of the staves were of sap pine and of inferior grade of material, and that the ensilage preserved in the silo was of inferior quality and that considerable portion of same rotted and was unfit for use, and that he sold a portion of same at $7 per ton, when in fact good ensilage was worth $9 per ton, and that his ensilage would have been of that value, had it been properly preserved and kept in said silo, and that after the silo had been constructed for about two and one-half years, it was so deteriorated and had decayed to such an extent that it fell down and was of no further value or service as a silo.

At the close of the evidence on the part of the defendant, plaintiff moved the court to instruct the jury to return a verdict for the plaintiff, for the reason that defendant's testimony that is legally competent, is insufficient to establish any defense to plaintiff's action herein, which motion was, by the court, overruled; and thereupon the court submitted the case to the jury and on the theory of the defendant, gave the following instructions:

2. "The court instructs you that the measure of damages that the defendant would be entitled to recover, if you find from a fair preponderance of the evidence that he is entitled to recover, would be the difference between the value of the silo that was to be furnished as warranted, and the one which was in fact furnished, and whatever damages you may find from the evidence, that he has sustained by reason of the failure of the silo to furnish the character of feed that it was warranted by the plaintiff to furnish."

3. "You are further instructed that the defendant would only be entitled to damages, if he is entitled to any, for a failure of the silo to protect and preserve feed as it should, from the time of the execution of the renewal note."

And the jury found for the defendant and for the amount of his recovery, at "no damages", other than cancellation of his note.

Plaintiff in error complains that the court erred: First, in overruling its motion for a new trial; second, in refusing to instruct the jury to return a verdict for the plaintiff; third, in admitting testimony offered on the part of defendant in error over the objection of the plaintiff in error.

Plaintiff in error first urges that parol testimony is inadmissible to show a warranty, where the contract of sale is in writing, and recites section 942, Rev. Laws 1910 (section 5035, Comp. Stat. 1921), which is as follows:

"The execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotiations or stipulations concerning its matter, which preceded or accompanied the execution of the instrument"

—and cites the case of Kinnard-Haines Co. v. Dillingham, 73 Oklahoma, 175 Pac. 208, construing and upholding the law as announced by the statute:

"Where the parties reduce their contract to writing, all oral negotiations, statements, and representations and inducements leading up to the execution thereof are merged therein, and the rights of the parties must be determined and measured by the terms of the written instrument itself."

And in the case of McNinch v. Northwestern Thresher Co., 23 Okla. 386, 100 Pac. 524, we find the following declaration:

"The execution of a written contract supersedes all oral negotiations or stipulations concerning its terms and subject-matter which preceded or accompanied the execution of the instrument, in the absence of fraud, accident, or mistake; and representations made prior to or contemporaneous with the execution of the written instrument are inadmissible to change or add to the terms plainly incorporated into the written contract."

"To allow the introduction of parol evidence to prove a warranty which was a part of the prior or contemporaneous agreement, and about which the deed or other writing is silent, is certainly in direct contradiction of that elementary and universally recognized rule of law and of reason, that in the absence of fraud or mistake parol evidence cannot be received to contradict or vary the terms of a written contract." Jones on Evidence, vol. 3, sec. 487.

"Evidence of an oral warranty relating to an article which is the subject-matter of a written contract of sale is generally held inadmissible. Accordingly where, in the ab-

sence of fraud or mistake, a written contract for sale of personal property is complete in itself, but silent upon the subject of a warranty, oral evidence is not admissible to show a warranty of quality." 10 R. C. L., sec. 219, p. 1027.

And many other authorities in support of this proposition are cited.

And, second, plaintiff in error urges that where there is no express warranty accompanying a description of personal property, and the buyer, after inspection and full opportunity to examine, accepts the property, he is estopped from afterwards claiming damages for failure to comply with the description. Brown v. Davidson, 42 Okla. 598, 142 Pac. 387; Brown v. Baird, 5 Okla. 133, 48 Pac. 180; 24 R. C. L. 171, as additional authorities in support of this contention.

And, third, plaintiff in error urges that if there had been a warranty and breach thereof, the renewal of the note for purchase price more than a year after defendant had possession of the property would constitute a waiver on the part of the defendant, and that he would be estopped at this time from urging as a defense to the renewal any defects of workmanship or material, and in support of this contention cites volume 1, sec. 205, p. 302, Daniel, Neg. Inst:

"If at the time the renewal note was executed the parties signing knew of the fraud in the original or the failure of consideration, they will be regarded as purging the contract of fraud or the defense of failure of consideration, and cannot then plead it."

And the case of Franklin Phos. Co. v. Int. Harvester Co. of America, 62 Fla. 185, 57 South. 206:

"Where one gives a note in renewal of another note, with knowledge at the time of a partial failure of the consideration for the original note, or false representations by the payee, waives such defense, and cannot set it up to defeat a recovery on the renewal note. And where one giving such renewal note either had knowledge of such facts and circumstances, or by the evidence of ordinary diligence could have discovered them and ascertained his rights, it becomes his duty to make such inquiry and investigation before executing the renewal note, and if he fails to do so he is as much bound as if he had actual knowledge thereof"

—and cites Haglin v. Friedman, 118 Ark. 465, 177 S. W. 429, and numerous other authorities supporting the rule above set forth.

The defendant in error, in his reply to the last above contention, cites the case of Fairbanks-Morse Company v. Miller, 80 Okla. 265, 195 Pac. 1083, as an authority supporting the contention of defendant in error,

and as being applicable to the facts controlling in this case, but from an examination of the authority and other authorities cited on the same point, we find that the defendant relied on an express written warranty as to material and workmanship when purchasing a gasoline engine which afterwards proved to be defective in material and workmanship, and the note sued on was renewed upon the express condition that the plaintiff in error, Fairbanks-Morse Company, would remedy the defects within the period of the extension, which it failed to do, and the court very properly lays down the rule that this raises an issue of fact for the jury and is a meritorious defense to plaintiff's cause of action, but no such facts are found to exist in the case at bar. Taking all the facts in this case into consideration, the fact that the defendant relied on a contemporaneous oral or verbal agreement made at the time and as he contends, a part of the written contract executed, a contention that is not permitted, except in rare instances and where fraud, mistake, or undue influence is alleged, and the fact that the character of the material purchased was such as is subject to inspection and the defects complained of not being of a latent nature, but patent upon its face and easily discernible and as disclosed by the record, no complaint or objection was made at the time the silo was received and at the time of its construction; and in view of the further fact that more than one year thereafter, and after the silo had been filled and used during the year 1913, and refilled in the year 1914, the defendant executed the note as a renewal of the original, and he, so far as the record discloses, made no objection or complaint at that time, and never in any way complained or notified the plaintiff in error of the defects complained of, until the institution of this suit, which we think comes entirely too late to justify any serious consideration or operate as a defense to the note sued on. We, therefore, think the court was in error in admitting the evidence of the defendant, Pruitt, on these various questions and in overruling motions of plaintiff for a directed verdict and for a new trial. It is true that the defendant contends that at the time of the renewal of the notes he had not yet detected any of the defects complained of, but, as heretofore stated in citations from the case of Franklin Phos. v. International Harvester Company, supra, to the effect that where one gives a note in renewal of another note, with knowledge of the defects complained of, or failure of consideration, or false representations made, he waives such defense,

or where he has knowledge of such facts and circumstances, or by the exercise of ordinary diligence could have discovered them and ascertained his rights, it becomes his duty to make such inquiry and investigation before executing the renewal note. We think this a good rule and one which courts cannot afford to disregard. We fully appreciate the position of the average farmer who has been induced to purchase a silo; it is indeed unfortunate, but the courts cannot grant relief for results of unfortunate transactions legally entered into.

Rules such as relied on by plaintiff in error are the foundation of all contractual relations, and if we create and uphold too many exceptions and provide avenues of escape for every dissatisfied debtor and contracting party, the virtue and force and effect of written contracts would be destroyed.

We, therefore, recommend that the case be reversed and remanded to the trial court, with directions to render judgment in accordance with this opinion.

By the Court: It is so ordered.