## ROCK v. FISHER.

No. 15528—Opinion Filed Sept. 15, 1925.

Rehearing Denied Nov. 24, 1925.

1. **Contracts — Express Executory Contract—Acceptance.**

All express executory contracts resolve themselves, upon analysis, into an offer by one of the parties, and an acceptance of that offer by the other. The act of acceptance closes the contract, and ordinarily nothing further is required to make the obligation effective. No specific formalities are required. It is sufficient if in the course of the transaction the party to be charged, in some writing signed by him or his duly authorized agent, recognizes or ratifies an agreement sufficiently explicit in terms, and disclosed in writings which show they relate to the same transaction.

2. **Fraud—Expression of Opinion as to Future Values.**

When property of any kind depends for its value upon a contingency which may never occur, or developments which may never be made, opinion as to its value must necessarily be more or less of a speculative character, and no action will lie for its expression, however fallacious it may prove or whatever the injury a reliance upon it may produce.

3. **Evidence—Contracts—Parol Evidence to Vary Writing.**

The execution of a contract in writing, whether the law requires it to be in writing or not, supersedes all the oral negotiations or stipulations concerning its matter, which preceded or accompanied the execution of the instrument, and in the absence of accident, fraud, or mistake of fact, representations made prior to or contemporaneous with the execution of a written contract are inadmissible to alter, vary, change, or add to the terms of such written contract.

(Syllabus by Ruth C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Carter County; Asa E. Walden, Judge.

Action by Charles F. Rock against F. W. Fisher to recover damages suffered by reason of the defendant's refusal to accept a carload of flour and feed stuff ordered. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

E. D. Slough and T. G. Gibson, for plaintiff in error.

Brown, Brown & Williams, for defendant in error.

Opinion by RUTH, C. Plaintiff and defendant occupy the same relative positions as they did in the trial court and will be so designated. Plaintiff's petition alleges defendant, on August 1, 1917, entered into a written contract with the Oklahoma Mill Company to buy a carload of flour and feed stuff from the Oklahoma Mill Company, of the value of $1,286.75, and in September, defendant ordered the Oklahoma Mill Company to cancel the order, and refused to accept the goods. At this last date, the value of the goods had declined and was of a value of $1,051.50, causing a loss of $235.25. The account was assigned to Charles F. Rock, attorney in fact for the subscribers at the Millers Exchange, Kansas City, Mo. Damages are prayed for in the sum of $235.25.

Defendant for answer admits the execution of the contract, but states he was induced to enter into same by reason of the fraud of one Steve Norman, agent for the Oklahoma Mill Company. That the fraud of Norman consisted of the statement of Norman, as an inducement to defendant to execute the contract, that the price of flour was going to increase to $10 per hundred within a very short time: that the government would not take charge of and fix the price of flour under any consideration; that if the government did take charge of and fix the price, that the order made by defendant would be countermanded at any time before delivery; that a few days after signing the order, the government did fix the price of flour and defendant canceled his order. The answer further states that the contract was to be accepted by the home office, and that it did not accept the same before cancellation. The cause was tried to a jury and judgment rendered for defendant, and plaintiff appeals.

This case has been before this court prior to this appeal. 91 Okla. 220, 216 Pac. 668.) At the conclusion of all the evidence, the plaintiff demurred to the evidence and requested an instructed verdict, making an examination by this court of all the evidence necessary. There is no merit in the contention that the Oklahoma Mill Company did not accept the order. The evidence shows the company received the order on August 3, 1917, and on the same day and date immediately entered the same on its order book, and wrote the defendant, acknowledging its receipt, and stated the company would ship as per contract on September 1, 1917. The evidence further shows that the letter written by the company on Au-

gust 3, 1917, was enclosed in an envelope, sealed, addressed to the defendant at Berwyn, Okla., the proper postage attached, and deposited in the United States mails. Defendant was asked if he ever received the letter, but no answer appears in the record, counsel for plaintiff objecting to the question. That the order had been accepted and defendant knew it had been accepted is further evidenced, by the fact that on August 25, 1917, the defendant wrote the Oklahoma Mill Company a letter as follows:

"Owing to the late movement of cotton, I will not be in position to pay draft, I would like for you to hold my order for car of flour and feed till September 10th. Please send me the amount of the car, and I will try to send 'ck' direct before car is shipped. Trusting you will grant my request, I am yours truly, F. W. Fisher."

On August 28th the Oklahoma Mill Company advised defendant it would hold the car until September 10th as requested, that the price of the car of goods was $1,286.75, and if it was not convenient to defendant to send check, they would "ship it arrival draft as usual." On September 7th, or six days after the shipment would have been made under the original order, the defendant advised the Oklahoma Mill Company he could not handle the car at the price, that he "understood" it would be under government control, and attempted to cancel the order.

The evidence is uncontroverted that the various letters were sent by and received by the parties, and defendant knew his order had been accepted.

7 Cyc. 125, lays down the general doctrine as follows:

"All express executory contracts resolve themselves, upon analysis, into an offer by one of the parties and an acceptance of that offer by the other. The act of acceptance closes the contract and ordinarily nothing further is required to make the obligation effective. No specific formalities are required. Thurston v. Thornton, 1 Cush. (Mass.) 89. Thames L. T. Co. v. Beville, 100 Ind. 309; Duble v. Batts, 38 Tex. 312; Kleinhans v. Jones, 37 U. S. App. 193."

"It is sufficient if, in the course of the transaction, the party to be charged in some writing signed by him, or his duly authorized agent, recognized or ratified an agreement sufficiently explicit in terms, and disclosed in writings which show unmistakably that they relate to the same transaction." Beckmith v. Talbot, 95 U. S. 289, 24 .L. Ed. 496; Farmers Produce Co. v. McAlester Storage & Commission Co., 48 Okla. 488, 150 Pac. 483.

Defendant was permitted by the court over objection of plaintiff to testify that Mr. Norman, a traveling salesman for the Oklahoma Mill Company, told defendant he "believed" the price of flour was going up, it was "bound to go up," and defendant said, "If the government takes charge I will not take the flour at all," and he (Mr. Norman) said, "Just order it like the other orders"; he said, "The flour will go to $10 per hundred."

Defendant further testified that the government did fix the price of flour and the "quantity you could sell to a man." This was all the evidence introduced by defendant to support his allegation of fraud. He did not attempt to prove the date on which the government took control of the flour market or whether the price increased or declined by reason of such control.

Plaintiff offered to prove the agent, Mr. Norman, had no authority to make contracts, but could only receive orders, transmit them to the company, subject to the company's acceptance. This he was not permitted to do. The contract spoke for itself. It contained the following:

"This contract shall not be valid and binding until the same shall have been confirmed by the Oklahoma Mill Company, of Kingfisher, Okla. It is understood that this contract contains all of the agreements between the parties, and no modification thereof, after the same shall have been confirmed, will be valid, except by mutual consent of the parties in writing."

"(Signed) The Oklahoma Mill Company.
"C. S. Norman, Salesman,
"F. W. Fisher, Buyer."

We think the court erred in admitting the testimony of the defendant, wherein he related his conversation with Mr. Norman, leading up to and inducing him to sign the contract. First, defendant testified Norman said he "believed the price of flour would go higher." It was bound to go higher." These were mere expressions of opinion, and fraud cannot ordinarily be predicated upon mere expressions of opinion.

"Whenever property of any kind depends for its value upon a contingency which may never occur, or developments which may never be made, opinion as to its value must necessarily be more or less of a speculative character, and no action will lie, for its expression, however fallacious it may prove, or whatever the injury a reliance upon it may produce." Limerick v. Johnson Life Ins. Co., 67 Okla. 178, 169 Pac. 1080; Haslett v. Wilkin, 42 Okla. 20, 140 Pac. 410; Clift v. Hart, 61 Okla. 233, 160 Pac. 912; Derdyn v. Low, 94 Okla. 41, 220 Pac. 945; Guthrie & Western R. R. Co. v. Rhodes, 19 Okla. 21,

91 Pac. 1119; Long v. Kendall, 17 Okla. 70, 87 Pac. 670; Lusk v. White, 58 Okla. 773, 161 Pac. 541.

Defendant was engaged in the business of buying and selling flour and feed, and was in as good a position to know the possible fluctuations of the market and form an opinion as was the agent, and the mere statement of the opinion of the agent was not sufficient to sustain the defense of fraud.

As Chancellor Kent in his Commentaries, vol. 2, * p. 485, very tersely remarks:

"The common law affords to one reasonable protection against fraud in dealing. But it does not go to the romantic length of giving indemnity against the consequences of indolence and folly or an indifference to the ordinary and accessible means of information."

The court committed reversible error in admitting the conversation between the defendant and Norman leading up to the signing of the order, and it was an attempt to alter or vary the terms of a written contract by contemporaneous parol testimony.

Section 5035, Comp. St. 1921, provides:

"The execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotiations or stipulations concerning its matter, which preceded or accompanied the execution of the instrument."

In Hollister v. National Cash Register Co., 55 Okla. 214, 154 Pac. 1157, the contract contained the following stipulations:

"It is expressly agreed that this order shall not be countermanded, that it covers all agreements between the parties hereto relative to this transaction, and that you shall not be bound by any representations or promises made by any agent relative to this transaction which is not embodied herein."

And this court held:

"A contract in writing supersedes all oral negotiations or stipulations prior thereto, and if at the time of the sale a written order is given by the purchaser, duly signed by him, and later, upon delivery of the article bought, a note is given for the purchase price, oral testimony is incompetent to vary, change, or contradict the written order."

See, also, Duffy v. Scientific American Compiling Dept., 30 Okla. 742, 120 Pac. 1088; Colbert v. First State Bank of Ardmore, 38 Okla. 391, 133 Pac. 206; Western Silo Co. v. Pruitt, 94 Okla. 154, 221 Pac. 106; Cameron Coal & Mercantile Co. v. Universal Metal Co., 26 Okla. 615, 110 Pac. 720; Lusk v. White, 58 Okla. 773, 161 Pac. 541; Long v. Kendall, 17 Okla. 70, 87 Pac. 670; Guthrie & Western R. R. Co. v. Rhodes, supra.

In German Stock Food Co. v. Miller, 39 Okla. 634, 136 Pac. 426, the contract contained the following:

"The original signed order mailed or delivered to said company covers all agreements between the parties hereto."

An offer was made to prove the agent of the company orally promised defendant the exclusive agency in the community, and this court held it could not be shown by parol evidence. Paralleling that case is Miller Brothers v. McCall Co., 37 Okla. 634, 133 Pac. 183.

The opinion of Norman, even though it were admitted the same was made, that he believed flour would rise in price, was not sufficient to sustain the answer of fraud, and in the absence of accident, fraud or mistake of fact, any representations made prior to or contemporaneous with the execution of a written contract are inadmissible to alter, vary, change, or add to the terms of a written contract. Western Silo Co. v. Pruitt, supra.

Jones on Evidence, vol 2, p. 151, section 434, expresses the principle in the following language:

"For many reasons such written instruments deliberately agreed upon must be deemed better evidence than the uncertain testimony of a slippery memory. When parties sign a memorandum expressing all the terms essential to a complete agreement, they are to be protected against both the doubtful veracity of interested witnesses and the uncertain memory of disinterested witnesses."

There being no sufficient allegations in the defendant's answer, upon which a defense of fraud could be sustained, and the opinion of Norman, even though expressed as alleged by defendant, as to the future market price of flour, not constituting fraud under the unbroken line of authorities, the admission of the defendant's testimony was error, and the instructions complained of, based upon this incompetent testimony, wherein the court charged the jury that if Norman did express these opinions and the defendant was thereby induced to enter into the contract sued upon, they should find for the defendant, was error, and for the errors herein set forth, the judgment of the trial court should be reversed and this cause remanded with directions to grant the plaintiff a new trial in conformity with the opinion herein expressed.

By the Court: It is so ordered.

Note.—See under (1) 13 C. J. pp. 266, §52, 292, §101; 27 C. J. pp. 256, §306, 260, §308, 262, §310. (2) 26 C. J. 1223, §110. (3) 22 C. J. pp. 1098, §1459, 1102, §1459.