W. L. SCAIFE, plaintiff in error, *vs.* E. H. BEALL, defendant in error.

When a note was given for an attorney's fee, it is not competent to superadd new agreements or conditions to such written contract ; the writing itself was the evidence of what the contract   was, and while the failure of consideration, in whole or part, may be given in evidence, new conditions or agreements cannot.

Parol evidence to vary note.   Lawyer's fees.   Before Judge JOHNSON.   Stewart Superior Court.   April Term, 1871.

Beall sued Scaife upon his note and due bill as follows : "Due E. H. Beall, or bearer, one hundred dollars, value

received.    January 13th, 1869," and, "By the 25th of December next, I promise to pay to E. H. Beall, or bearer, fifty dollars, value received;" each signed by Scaife.    Scaife pleaded that these promises were given to Beall, as an attorney at law, for his fee in The State *vs.* Mobley, and Beall failed to attend to the same from beginning to end, and by willful default and neglect allowed Mobley to go unpunished; and they were given in consideration that Beall would prosecute Mobley, and Mobley had not even been arrested; and therefore the consideration wholly failed.    Plaintiff read in evidence said papers, and closed.

J. L. Scaife testified that the note and due bill were given to Beall, an attorney at law, as a fee, Beall agreeing to have Mobley arrested, and prosecute him to conviction, for assault with intent to murder; that the due bill was to be paid when Mobley was convicted, and the note when due.

In rebuttal, Beall testified that J. L. Scaife spoke to him and Mr. Wimberly, an attorney, for his brother, the defendant, and fixed a fee at $500 00, but when defendant came, he and Wimberly had some private conversation, and the fee was arranged by agreeing that $100 00 was to be paid in cash and $50 00 Christmas.    After the due bill was drawn, defendant said he did not have the $100 00, but that it should be paid in a few days.    The consideration of the note and due bill was the professional services of Beall & Wimberly, to be rendered as attorneys in the prosecution of Mobley for assault with intent to murder.    When the warrant was sent for Mobley, he escaped into Alabama, before arrest.    Beall told defendant, if he would come and get a true bill before the grand jury, and would pay the expenses, he would send for Mobley.    He said they ever had been, and were yet ready to render the promised services, but defendant refused to prosecute Mobley.    He denied any such contract as that sworn to by J. L. Scaife.    Wimberly testified substantially as Beall had.

Defendant testified that Beall did not tell him to go before

Scaife *vs.* Beall.

the grand jury; was ready to do so, but did not know it was necessary; that Beall did send him word that Mobley was in Texas, and said he would send for him if he (Scaife) would pay the expenses, but he thought the law provided means for paying such expenses.

Beall, Wimberly and another testified that they did not remember that J. L. Scaife was present when the contract was made, but defendant and another witness testified that he was. It does not appear that any of this testimony was objected to.

The Court charged the jury: "If Scaife agreed with Beall, as an attorney-at-law, to pay him $150 00 to prosecute the case of Mobley, this means that he was to do such professional services, as a lawyer, as might be required of him in the prosecution of the case—not that he was to act as deputy sheriff to assist in the arrest, or to act as a witness before the grand jury; and if Beall was willing and ready to render such services as Scaife might require, the consideration of the note has not failed, although Mobley was not arrested; and plaintiff is entitled to recover the full amount. But if the agreement was that Beall was to prosecute the case to conviction, and Mobley has not been convicted, the consideration has failed.

He was requested to charge: "If said notes were given as a fee to prosecute the case, only one-half was due as a retainer, in the absence of any special contract as to the amount to be paid for a retainer; and if Mobley was never arrested, plaintiff can recover only half due as a retainer." He refused so to charge.

The jury found for $150 00, interest and cost. The charge and refusal to charge as requested are assigned as error.

Moses & Downing, for plaintiff in error, cited section 441 Revised Code.

E. H. BEALL, for defendant, said the parol evidence could not vary the written contract.

LOCHRANE, Chief Justice.

We affirm the judgment of the Court below in this case, upon the ground that the verdict of the jury therein was sustained by the proof, and no rule of law was violated in the charge of the Court in submitting the case to the jury. When a party enters into a contract with another, and such contract is reduced to writing, and the notes, the evidence of such contract, are placed in evidence before the jury, while the consideration, or failure of consideration, in whole or in part, may be inquired into, it is not competent by parol evidence to add new conditions or agreements said to have been made at the time. The written contract is the best evidence as to what it contains or what the contract was, and cannot be varied or altered by superadding other conditions and agreements not expressed therein. Although under the facts in this case, we are satisfied the evidence is in favor of the written contract, preponderates in favor of the plaintiff.

Judgment affirmed.