DAVID W. K. PEACOCK, receiver, plaintiff in error, *vs.* THE PITTSBURG LOCOMOTIVE AND CAR WORKS, defendant in error.

The rescision of an order appointing a receiver, "without prejudice to any one, party or claimant," is no defense to a possessory warrant for an engine before that time sued out against such officer. If, on such rescision, he surrendered the possession of the engine to the company from which he had taken it under the order of his appointment, he did so at his own risk.

Receivers.   Possessory warrant.   Before Judge McCUTCH-EN.   Bartow county.   At chambers.   November 10th, 1873.

For the facts of this case, see the decision.

A. JOHNSON; PEEPLES & HOWELL, for plaintiff in error.

WARREN AKIN, for defendant.

WARNER, Chief Justice.

It appears from the record in this case that Peacock was appointed receiver of the Cherokee Railroad Company by an order of the district judge of the United States for the northern district of Georgia, and as such receiver took into his possession a certain locomotive steam engine, called the "Euharlee." On the application of the Pittsburg Locomotive and Car Works Company to the judge of said district court, leave was granted to it to commence legal proceedings against said receiver to recover the possession of said engine, either by possessory warrant, action of trover, or other legal proceeding in the state courts. In pursuance of the leave thus granted, the aforesaid company, by its agent, sued out a possessory warrant against the receiver on the 9th day of December, 1872, to recover the possession of the engine, on the ground that it had been taken from its possession by fraud, and was then in possession of Peacock, as receiver of the Cherokee Railroad Company. After the possessory warrant was issued the plaintiff and defendant therein, entered into a

written agreement to waive the seizure of the engine and the arrest of Peacock, the defendant, and to try the case on its merits, as if both had been done. From some cause the case was not tried until the 14th of November, 1873. In the meantime the order of the district court, appointing Peacock receiver, had been rescinded. The rescinding order of the court, however, expressly stated that it was granted "without prejudice to any one, party or claimant." On the trial of the possessory warrant before the judge of the superior court who issued it, after hearing the evidence of both parties, it was ordered and adjudged that the engine be delivered to the plaintiff, provided the plaintiff shall first enter into a recognizance, with good security, in the sum of $13,000 00, to have the property produced and forthcoming to answer any suit the opposite party may commence within the next four years, but if the plaintiff shall fail to give such bond and security within thirty days from the date of the judgment, then the property in controversy was to be delivered to the defendant upon his entering into like recognizance, with security of the same nature and effect. To this judgment of the court the defendant excepted.

The main ground of error insisted on here was, that the court had no legal authority to render the judgment it did against the defendant, because the order appointing him receiver of the Cherokee Railroad Company had been rescinded, and the engine was now rightly in the possession of the company, and he had no right now to have the possession of it in his individual capacity, he being no longer the receiver of the company. The reply is, that when the possessory warrant was sued out against him, he had possession of the engine as the receiver of the company. The plaintiff had acquired rights as against him as such receiver, and claimed the possession of the engine from him in that capacity. The process of the court was resting upon him in that capacity, and if he voluntarily surrendered the possession of the engine to the company, he did so at his own risk and peril. The company could not have compelled him to have surrendered the

possession of the engine to it, when it had been seized in his hands as its legal representative, by lawful process. The defendant had the lawful right to retain the possession of the engine, as against the company, until the plaintiff's claim to the possession thereof was decided. Besides, the order rescinding the appointment of the receiver expressly states that it was granted without prejudice to any one, party or claimant. As before remarked, if the defendant thought proper voluntarily to turn over the engine to the possession of the company whilst the possessory warrant sued out by the plaintiff was resting upon him for the recovery of the possession thereof, he did so at his own peril, and the plaintiff cannot be deprived of its rights by any such *sharp practice* as that.

Let the judgment of the court below be affirmed.