PRYOR *v.* LUDDEN & BATES SOUTHERN MUSIC HOUSE.

Where a note recites that its consideration is the purchase-price of a particularly described piano, in a suit thereon by the promisee the maker may plead, in defense of the action, that the plaintiff represented that the piano was new and capable of being used as a musical instrument, and that the defendant, acting on this representation and warranty, and without actual or constructive knowledge of its true condition, bought it, when in point of fact it is worse than second-hand and not capable of being used as a musical instrument.

MARCH 19, 1910.

Question of law; from Court of Appeals.

*E. K. Overstreet,* for plaintiff in error.

*Strange & Cobb,* contra.

EVANS, P. J. The Court of Appeals desires the instruction of the Supreme Court as to the following question of law: "Where there is a sale of a specific article of personal property, such as a cer-

tain particular piano, and the purchaser gives to the seller a promissory note stating that the consideration thereof is the particular designated article sold, and the note is otherwise silent as to representations and warranties, is the defendant precluded by what is commonly called the 'parol-evidence rule,' or by any other principle of law, from pleading in defense to an action on the note that the plaintiff represented that the piano was new and was suitable for the use of which such articles as are usually and generally intended (i. e., in the case of the piano, that it was new and capable of being used as a musical instrument), and that the defendant, acting on this representation and warranty, and, without actual or constructive knowledge of its true condition, bought it, when in point of fact it is worse than second-hand and not capable of the use mentioned (i. e., in the case of the piano, of being used as a musical instrument) ?"

In deciding whether a note given for the purchase-money of a specific article may be reduced in amount or a recovery entirely defeated by showing a breach of a contemporaneous oral express warranty, regard must be had to two well-defined rules of law: one of which is the rule which prohibits an unconditional written promise to pay money to be changed into a conditional one by a contemporaneous parol agreement, and the other is the parol-evidence rule which rejects, in the absence of fraud, accident, or mistake, parol evidence which adds to, varies, or contradicts the written memorial of a contract. The principle is well established that a negotiable instrument which expresses on its face an absolute promise to pay can not be cut down into a conditional promise by a contemporaneous parol agreement. Thus, where a note expressed on its face that it was given for the rent of a warehouse, in a suit upon the note a plea of total or partial failure of consideration resulting from a breach of a collateral engagement of the landlord to make certain repairs will not be allowed. *Wyche* v. *Winship,* 13 *Ga.* 208. Nor can the maker show a prior or contemporaneous parol agreement that the payee was to accept a less amount. *Loudermilk* v. *Loudermilk,* 93 *Ga.* 443 (21 S. E. 77). Though a maker of a note, when sued by his promisee, is always permitted to show by parol a want or failure of consideration, yet he will not be allowed, unless fraud exists, to prove that his obligation to pay was dependent or conditional upon the promisee's compliance with a contemporaneous or

prior agreement not expressed in the note. *Lester* v. *Fowler*, 43 *Ga.* 190; *Howard* v. *Stephens*, 52 *Ga.* 418; *Goodman* v. *Fleming*, 57 *Ga.* 350; *Haley* v. *Evans*, 60 *Ga.* 157; *Hirsch* v. *Oliver*, 91 *Ga.* 554 (18 S. E. 354); *Dinkler* v. *Baer*, 92 *Ga.* 432 (17 S. E. 953); *Scaife* v. *Beall*, 43 *Ga.* 333.

As an incident to a sale of a chattel the law implies a warranty, which the parties may waive or change by express agreement. The warranty, whether express or implied, necessarily enters into the consideration of the article sold. A plea of breach of warranty is the substantial equivalent of a plea of failure of consideration; and the defense is allowed upon the principle that the consideration of a note between the parties is always open to inquiry so far as the promise to pay depends upon its existence, continuance, or amount, and that as a warranty is incident to every sale of a chattel, parol evidence is admissible, not for the purpose of showing that a different promise from the written one was made, but that it is different in legal effect as a consequence of the want, cessation, or shrinkage of the consideration. *Aultman* v. *Mason*, 83 *Ga.* 212 (9 S. E. 536).

The parol-evidence rule as relating to written contracts has been thus stated: "Where parties have reduced to writing what appears to be a complete and certain agreement, it will, in the absence of fraud, accident, or mistake, be conclusively presumed that the writing contains the entire contract, and parol evidence of prior or contemporaneous representations or statements is inadmissible to add to, take from, or vary the written instrument." *Bullard* v. *Brewer*, 118 *Ga.* 918 (45 S. E. 711). Where the law requires that the contract, in order to be valid, shall be expressed in writing, the writing alone must be depended upon to ascertain the contract of the parties, and its deficiencies can not be supplied by parol proof. Where the law does not require the agreement to be reduced to writing in order to render it valid, and it is insisted that the writing contains a complete agreement of the parties, it becomes a question of intention, as to whether or not the agreement has been integrated in the writing. In such a case, in order to allow parol evidence to be admitted to show other terms, it must appear, either from the contract itself or from the attendant circumstances, that the contract is incomplete and what is sought to be shown as additional terms neither conflicts with nor contradicts what is contained in the writing.

*Forsyth Mfg. Co.* v. *Castlen,* 112 *Ga.* 199 (37 S. E. 485, 81 Am. St. R. 128) ; *Johnston* v. *Patterson,* 86 *Ga.* 725 (13 S. E. 17) ; *DePauw* v. *Kaiser,* 77 *Ga.* 176 (3 S. E. 254). If the writing shows on its face a definite and complete contract between the parties, parol evidence will not be received to vary, modify, or contradict its terms. The rule does not apply to cases where the instrument shows incompleteness on its face, and parol evidence is allowed to show an agreement referable to the incompleteness when not inharmonious with the writing. The question in such cases is whether there is a vacuum to be filled. If the alleged omission of an important detail is lacking which can be supplied by legal presumption, the want of express provision leaves no vacuum. In case of the sale of a chattel, the parties may contract for an express warranty, or they may rely upon the warranty which the law implies. Our code declares that if there is no express covenant of warranty the seller warrants that he has a valid title and right to sell, that the article sold is merchantable and reasonably suited to the use intended, and that he knows of no latent defects undisclosed. Civil Code, § 3555. In Benjamin on Sales (7th ed.), § 621, it is said that "Where the written sale contains no warranty, or expresses the warranty that is given by the vendor, parol evidence is inadmissible to prove the existence of a warranty in the former case, or to extend it in the latter by inference or implication." So, where it appears that the agreement has been integrated in the writing, the terms of the writing can not be changed or contradicted by parol evidence.

The essential thing to be ascertained in a suit upon a promissory note given for a particularly described chattel, in order to exclude parol evidence, is whether or not it varies the terms of the note, or, if the agreement has been integrated in the note, whether it varies the terms of the contract as expressed in the note. Ordinarily a promissory note given for the purchase-price of an article is intended to contain only the obligation of the vendee, and that obligation is to pay the vendor a definite sum of money at a definite time. The vendor's obligation has no place in a purely negotiable instrument given by the vendee; and in a suit upon a promissory note given for the price of personal property, which does not purport to disclose the contract of sale, evidence of a parol warranty of the property and a breach of the warranty is admissible. *Kemp* v. *Byne,* 54 *Ga.* 527.

The maker of a negotiable note for the purchase of a chattel may incorporate therein the complete contract of sale; and when this is done, the law will not permit him to prove different or additional terms. *Moultrie Repair Company* v. *Hill,* 120 *Ga.* 730 (48 S. E. 143) ; *Bullard* v. *Brewer,* 118 *Ga.* 918 (45 S. E. 711). In these cases the purchaser signed a note, which reserved the title of the property sold in the seller, and also contained the other provisions of the sale contract. The maker of a negotiable note for the purchase of a chattel may, without integrating the entire agreement of sale, express therein partial terms of sale. A purchaser of an article, who gives his note for the price of the article, and therein accepts a limited warranty, and stipulates not to exact anything beyond, will not be allowed to prove by parol other representation or warranty of the seller, unless upon the ground of fraud. *Allen* v. *Young,* 62 *Ga.* 617; *Patterson* v. *Ramspeck,* 81 *Ga.* 808 (10 S. E. 390).

Applying these observations to the query of the Court of Appeals, we do not think that a note, which expresses that the consideration thereof is the purchase-price of a specific article (nothing more appearing), indicates upon its face that the terms of sale have been integrated in the writing, and parol evidence is admissible to show a failure of consideration consequent upon a breach of a contemporaneous parol express warranty.

*All the Justices concur, except Fish, C. J., absent.*