### 2392.  TYGART *v.* SUTTON *et al.*

No error of law appears, and the verdict is supported by the evidence.

DECIDED JULY 5, 1910.

Action for damages; from city court of Nashville—Judge R. Eve presiding. December 4, 1909.

*Hendricks & Christian,* for plaintiff in error.

*J. P. Knight, W. G. Harrison,* contra.

·HILL, C. J. The plaintiffs sued for damages resulting from an alleged breach of contract. The jury found a verdict in their favor for the full amount of the suit, and the defendant's motion for a new trial was overruled. The case made by the plaintiffs may be stated in substance as follows: .They bought from the defendant a gasoline engine, with express warranties. After a trial of the engine it failed to fulfil these warranties, and they so informed the defendant, who then agreed with them that if they would give him ' two promissory notes, aggregating the sum of $625, he would furnish them, in lieu of the gasoline engine, a steam-engine and boiler, and that the two notes would be a payment by them on the steam-engine and boiler, to be furnished in the early autumn; that relying upon these representations, and with the understanding that he was to furnish to them a steam-engine and boiler, and that the notes were to be accepted as a payment thereon, they executed and delivered to him two promissory notes; that after getting possession of these two notes, he transferred them for value, before due, to an innocent purchaser, and, as they had no defense to the notes, they being negotiable notes in the hands of an innocent purchaser, they were compelled to pay them to the holder. They charge, that the defendant acted in bad faith in his representations made to them when they executed the notes; that he did not intend to furnish the steam-engine and boiler in pursuance of his agreement and promise, and that although they frequently demanded that he comply with

his contract and furnish the steam-engine and boiler, tendering to him the gasoline engine, he refused to do so; and the suit is to recover as damages the amount of the notes. The petition contained also a count for other damages resulting to them from the failure of the defendant to comply with his contract, but that count was stricken on demurrer, and the suit was tried alone on the count to recover the amount of the two notes as damages. The defendant denied the allegations of the plaintiffs, and contended that they bought from him the gasoline engine under an express warranty; that the engine fulfilled the warranty, and that the notes were given by the plaintiffs in payment of the gasoline engine. He denied specifically that any rescission was made of the first contract, or that he agreed to take back the gasoline engine and to furnish a steam-engine and boiler.

On the issues thus made in the pleadings and the proof, the jury settled the conflict in favor of the plaintiffs; and as the evidence of the plaintiffs fully supports the verdict, this court is not authorized to interfere, unless the trial court committed some material legal error prejudicial to the defendant.

The principal ground of defense relied upon, presented both by the general demurrer and by exceptions to the evidence, was that the notes sued on were unconditional contracts in writing, and that the plaintiffs were attempting to set up an additional or verbal contract at variance therewith. We do not think that this well-settled principle of law is applicable to the facts of this case as shown by the evidence of the plaintiffs and as found true by the jury. According to this evidence, there was a mutual rescission of the first contract, and another contract was made, which was breached by the defendant. Of course, the parties had the right to mutually rescind the first contract. Civil Code, § 3710.

The defendant insists that the purchasers could not have defended against the notes for the purchase-money of the gasoline engine, and that inasmuch as they had paid the notes, they could not recover for the breach of the contract. Even under this test we think the purchasers of the engine could have defended against the notes, if the payee had sued on them; for in such a suit they could have inquired into the consideration of the notes, and, under a plea of a breach of express warranty, which is substantially equivalent to a plea of failure of consideration, could have shown that

the consideration had failed because the warranties made at the time of the purchase had not been satisfied. Therefore, if the notes were given for the purchase of the gasoline engine, as claimed by the defendant, this did not preclude an inquiry into the consideration, and proof of the failure of consideration, because the express warranties had not been fulfilled. See the recent case of *Pryor* v. *Ludden & Bates Southern Music House,* 134 *Ga.* 288 (67 S. E. 654), where the court fully discusses what is known as the "parol-evidence rule" and cases in which it is applicable, and also cases in which it is not applicable. But, as before stated, the jury found that the contentions of the plaintiffs were true, that the sale of the gasoline engine had been rescinded by mutual consent, and that the notes were not given in payment of the gasoline engine, but were to be credited by the defendant on the new steam-engine and boiler which he agreed to furnish them in lieu of the gasoline engine, which had not come up to the express warranties and which had proven unsatisfactory. Under these facts it is clear that the particular phase of the parol-evidence rule is not applicable. The ruling on this point disposes of the main defense set up, and of the different views of the defense presented to this court by demurrer, and of the majority of the grounds contained in the motion for a new trial as amended, and really leaves in the case only one material question for the decision of this court, to wit, whether the amount of the notes was, under the evidence, the correct measure of damages.

It is insisted by the plaintiff in error that the only measure of damages was the difference between the purchase-price of the gasoline engine and its value on the day of the breach of the contract, if any breach was shown, and that as the plaintiffs did not attempt to show the value of the gasoline engine, the verdict was without any evidence to support it. We do not concur in this opinion. The verdict of the jury, finding the contentions of the plaintiffs to be the truth of the case, eliminated the gasoline engine entirely. The notes which the plaintiffs had to pay in the hands of an innocent holder were given in pursuance of the new agreement entered into, and were to be credited on the steam-engine and boiler. The steam-engine and boiler were never furnished to the plaintiffs by the defendant. They were therefore entitled to recover from him the amount of the notes which they had been compelled to pay, and

the consideration of which, so far as the defendant was concerned, had completely failed. They got nothing for these notes; and as the defendant had breached his contract, according to the verdict of the jury, they were entitled to be paid the amount of the notes. From the amount of the notes, if the defense had been made and the evidence had supported it, the rental value of the gasoline engine during the time it had been used by the plaintiffs should have been deducted, and the difference would have constituted the true measure of damages, under the facts of this case. But as no such defense was made, the jury did not err in finding as the true measure of damages the amount of the notes, with interest thereon.

In our opinion no error of law was committed by the trial court, and there is sufficient evidence in the record to support the verdict.

*Judgment affirmed.*