### 9079. KRUEGER v. SIMMONS.

LUKE, J.  1. Where the only consideration expressed in a promissory note is "value received," inquiry into the consideration, and proof of what the consideration in fact was, does not have the effect of varying an unconditional contract in writing.  Either want or failure of consideration may be shown in defense to a suit on such a note, though the note be under seal.  *Toller* v. *Hewitt*, 12 *Ga. App.* 496 (77 S. E. 650) ; *Lacey* v. *Hutchinson*, 5 *Ga. App.* 865 (64 S. E. 105) ; *Empire Cotton Oil Co.* v. *Maxwell*, 19 *Ga. App.* 493 (91 S. E. 792), and citations.  If the

note sued on undertakes to express the consideration as a *term and condition* of the contract, proof (unless fraud be shown) will not be admitted to show a different consideration (such as that the actual consideration was not "one bay horse," as recited in the note, but was "one grand piano);" for such proof would vary the terms of the written instrument.

2. The court erred in striking the defendant's plea of total failure of consideration.

*Judgment reversed. Wade, C. J., and Jenkins, J., concur.*

DECIDED APRIL 12, 1918.

Complaint; from DeKalb superior court—Judge Smith.   March 16, 1917.

The action was on a promissory note in which the only recital as to consideration was "value received." In his answer the defendant denied indebtedness, and alleged, that a part of the consideration of the note was an agreement on the part of the plaintiff to obtain a loan of $6,500 on 73 acres of land belonging to the defendant's wife; that it was agreed between the plaintiff and himself that the loan was to be obtained, and part of the consideration of the note was the obtaining of the loan, and it was never obtained; and the note was not paid, because the plaintiff failed to carry out his agreement. By amendment the defendant alleged that there was a total failure of consideration of the note, that it was agreed that the note was to be paid out of the loan, and there was to be no payment of the note until the loan was obtained, and it was not obtained, and, by reason of the failure of the plaintiff to obtain the loan, the plaintiff was not entitled to recover on the note. By further amendment it was alleged that the note was nudum pactum and void. The court, on motion of the defendant, struck the answer so far as it related to failure of consideration, and so far as it set up the defense of nudum pactum; and, on exceptions to this ruling, the defendant, after verdict and final judgment against him, brought the case to this court.

*Edmund W. Martin,* for plaintiff in error, cited: Park's Code, § 4250; *Toller* v. *Hewitt,* 12 *Ga. App.* 496 (1); *Pidcock* v. *Crouch,* 7 *Ga. App.* 299 (2); *Means* v. *Subers,* 115 *Ga.* 371; *Hansford* v. *Freeman,* 99 *Ga.* 376 (1, 3); *Atlanta &c. Ry. Co.* v. *American Car Co.,* 103 *Ga.* 254; *Bonner* v. *Nelson,* 57 *Ga.* 433 (1); *Heitmann* v. *Commercial Bank,* 6 *Ga. App.* 584, 593; *American Jobbing Asso.* v. *Register,* 5 *Ga. App.* 543.

*Hewlett & Dennis,* contra, cited: *Probasco* v. *Shaw,* 144 *Ga.*

416; *Lester* v. *Fowler* 43 *Ga.* 190 (1); *Scaife* v. *Beall*, 43 *Ga.*
333-4; *Dinkler* v. *Baer*, 92 *Ga.* 432 (3); *Pryor* v. *Ludden*, 134 *Ga.*
289; *Stafford* v. *Staunton*, 88 *Ga.* 298 (1); *Loudermilk* v. *Louder-
milk*, 93 *Ga.* 443-4 (1); *Johnson* v. *Nisbet*, 137 *Ga.* 150 (1);
*Hawkins* v. *Studdard*, 132 *Ga.* 272; *Lunsford* v. *Malsby*, 101
*Ga.* 39 (2).