## 10245.  BROWN v. NICHOLS, administratrix.

LUKE, J.  1.  It is essential to the validity of every contract that there
be a consideration; and the fact that a promissory note is under seal
will not defeat the right of the maker or his administrator to plead ·
want of consideration.  A contract nudum pactum is no more .enforceable when under seal than when not under seal, as against a timely
defense and proof thereof.  *Seawright* v. *Dickson*, 16 *Ga. App.* 436,
440 et seq.' (85 S. E. 625); *Krueger* v. *Simmons*, 22 *Ga. App.* 210
(95 S. E. 718), and cit.

(a) The court did not err in refusing to charge the jury that "a promissory note under seal may be the subject of a valid gift, as between

the maker and the payee thereof, and needs no other or further consideration.

2. The court did not err in overruling the objection to the admissibility of evidence as set out in ground 1 of the motion for new trial.

3. The evidence supported the verdict, which has the approval of the learned trial judge; and for no reason assigned was it error to overrule the motion for a new trial.

*Judgment affirmed. Wade, C. J., and Jenkins, J., concur.*

DECIDED APRIL 18, 1919.

Complaint; from Bleckley superior court—Judge Graham. November 18, 1918.

Dykes A. Brown, the payee of a promissory note for $5,000, purporting to have been signed by R. E. Nichols, brought suit thereon against the administratrix of the estate of Nichols. The defendant pleaded non est factum, payment, and that the note was nudum pactum; and introduced evidence which it was contended would authorize a finding in favor of any of these defenses. There was testimony as to declarations of the plaintiff tending to show that the decedent intended by this note to make a gift to him. The note was under seal. On the proposition that a promissory note under seal may be the subject of a valid gift as between the maker and the payee, counsel for the plaintiff cited *Lacey* v. *Hutchinson,* 5 *Ga. App.* 874. On the question whether total want of consideration may be pleaded to a note under seal, he cited: *Weaver* v. *Cosby,* 109 *Ga.* 310 (2); *Sivell* v. *Hogan,* 119 *Ga.* 167 (1); *Van Dyke* v. *Van Dyke,* 123 *Ga.* 686; *Slaton* v. *Fowler,* 124 *Ga.* 956. As to want of consideration, counsel for the defendant cited: *Loudermilk* v. *Loudermilk,* 93 *Ga.* 444 (2); *Davis* v. *Morgan,* 117 *Ga.* 507; *Monroe* v. *Martin,* 137 *Ga.* 262. As to such a defense to a sealed note he cited: *Lacey* v. *Hutchinson,* supra, p. 865; *Sims* v. *Scheussler,* 5 *Ga. App.* 850 (4); *Saul* v. *Southern Seating &c. Co.* 6 *Ga. App.* 843; *Williams-Thompson Co.* v. *Williams,* 10 *Ga. App.* 251; *Strickland* v. *Farmers Supply Co.,* 14 *Ga. App.* 661; *Bruton* v. *Wooten,* 15 *Ga.* 570; *Neil* v. *Bunn,* 58 *Ga.* 583; *Simms* v. *Lide,* 94 *Ga.* 553; *Weaver* v. *Crosby,* 109 *Ga.* 310 (2); Clark, Contr. 72, par. 33.

*H. F. Lawson,* for plaintiff.

*Hamilton McWhorter, Hall & Grice,* for defendant.