**HUSTON et al., Trustees, v. CITY OF MIAMI.**

No. 12959—Opinion Filed March 4, 1924.

**1. Cemeteries—Power of Cities to Own and Control—Statutes.**

Under the statute law of the state, a city of the first class may purchase, take title to, own, pay for, and control for cemetery purposes not less than ten nor more than eighty acres of land without the limits of such city, and the section of the statute requiring town trustees to enter into an optional contract for the purchase of such lands for such purposes and to call an election of the legal voters of said town to vote upon such question is not applicable to a city of the first class.

**2. Ejectment—Title of Plaintiff.**

One who brings suit to recover possession of land, must recover on the strength of his own title, and not upon the weakness of his adversary's.

**3. Corporations—Ratification of Contracts.**

A corporation, like a natural person, may ratify, affirm, and validate any contract, made or done in its behalf, which it was capable of making or doing in the first instance.

**4. Same—Ratification of Trustee's Disposal of Land.**

If, with a full knowledge of all the facts, a person ratifies an agreement, which another person has improperly made, concerning the property of the person ratifying it, he thereby makes himself a party to it. He is precisely in the same position in this respect as if the original agreement had been made with him. Held, that the action of post No. 48, in the instant case, upon the report of its committee at a regular meeting of said post, was a complete ratification of the acts of its trustees in making the contract and deed to the defendant, the city of Miami.

**5. Appeal and Error—Sufficiency of Evidence—Equity Case.**

In a case of purely equitable cognizance, this court will not disturb the judgment of the trial court, after weighing all the evidence in the case, unless the same is clearly against the weight of the evidence.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Ottawa County; S. C. Fullerton, Judge.

Action by W. J. Huston, A. W. Poe, and Asa Clevenger, trustees of J. B. McPherson Post No. 48, Grand Army of the Republic, against the City of Miami, a municipal corporation, for cancellation of a contract and deed to the lands used for a cemetery and to quiet title in plaintiffs. Judgment for defendant. Plaintiffs bring error. Affirmed.

A. C. Towne, for plaintiffs in error.

N. C. Barry, for defendant in error.

Opinion by THOMPSON, C. This cause was commenced in the district court of Ottawa county by W. J. Huston, A. W. Poe, and Asa Clevenger, trustees of J. B. McPherson Post No. 48, Grand Army of the Republic, plaintiffs in error, plaintiffs below, against the city of Miami, a municipal corporation, defendant in error, defendant below, for the cancellation of a contract and deed to certain lands, used as a cemetery in Ottawa county, and to quiet title in the plaintiffs in error.

The parties will be referred to as plaintiffs and defendant, as they appeared in the lower court.

The petition of plaintiffs alleges that W. J. Huston, A. W. Poe, and Asa Clevenger are the duly elected, qualified, and acting trustees of the J. B. McPherson Post No. 48. Department of Oklahoma, Grand Army of the Republic, which post is a duly organized and existing post of the Grand Army of the Republic, established and being situated in the city of Miami, Okla., that it is a fraternal organization; that the plaintiffs were authorized by said post and empowered to bring this action; that under its charter it had the power to own, control, and dispose of real estate for burial and post purposes, which lands were to be under the custody and management of its trustees: that under said authorization, on the 12th day of September, 1910, the said organization purchased 36 acres of land in the southeast quarter of the northeast quarter, section 13, township 28 north, range 22 east, not within the corporate limits of the city of Miami: that said tract had been laid out and maintained as a burial ground for the members of said post and their families and relatives; that said post has been in continuous possession of the same; that on the 12th day of September, 1910, R. M. J. Shriver, J. E. Jackson, and L. Worthen, pretending to act as trustees of said post, without authority from the members of said post, undertook, on behalf of said post, to make a contract, by which they agreed to

execute a warranty deed to the defendant of the aforesaid premises and burial grounds; that under said contract the deed was to remain in escrow in the First National Bank of Miami, Okla., to be delivered at the end of ten years and not to become effective until the expiration of said time (copies of the contract and deed are attached to the petition as exhibits); that the time for said deed to become effective is drawing near and the defendant is claiming some adverse interest in said lands as against the plaintiffs; that said deed was not allowed to remain in escrow, but the defendant by fraud procured said contract and deed to be placed of record in the office of register of deeds of Ottawa county, thereby clouding plaintiff's title; that said purported contract and deed were null and void, under chapter 22, section 2, of the Constitution of the state of Oklahoma; that the above named trustees, the grantors in said deed, were feeble minded and mentally incapacitated from transacting any business as trustees of said post, or understanding and appreciating the obligation of said contract and deed, and that their minds were so impaired, weak, enfeebled and diseased that they were incapable of knowing or understanding a transaction of this character, which fact was well know to the defendant, the city of Miami, and its officers, or could have been ascertained by the exercise of due diligence; that two of said trustees had been in an infirmary for weak and feeble minded persons, and that said contract and deed were void for lack of capacity of said trustees; and the petition concludes with a prayer for judgment, asking that the said contract and deed be cancelled as null and void and removed as a cloud upon the title, and that defendant be required to release said deed and contract of record; that upon its failure to do so that the decree of the court be declared a release and cancellation of said deed and contract. The part of the contract relied upon by plaintiffs is as follows:

"This agreement, made and entered into this 12th day of September, 1910, by and between J. B. McPherson Post No. 48, Department of Oklahoma, G. A. R. party of the first part, and the City of Miami, party of the second part.

"Witnesseth, that said party of the first part has this day made a warranty deed to the party of the second part to the following described tract of land known as the G. A. R. Cemetery, to wit:

"Said deed to be placed in escrow for a period of ten years in the 1st National

Bank of Miami unless sooner released to the second party by the trustees of the party of the first part. It is further agreed that the party of the first part will have full control of the above described land with full power to sell lots, give certificates of ownership, and to all other acts that they could have done if the deed attached to this had never been written, except to sell said land, until the expiration of ten years or until said cemetery is turned over to the party of the second part by the trustees by the party of the first part, and it is further agreed that when said party of the second part comes into possession of said tract of land that they will forever keep it for a burial place for the dead, and that they will use all revenues derived from the sale of lots in beautifying said cemetery and that they will reserve as a burial place for old soldiers blocks 6-7-8-9-10-23-24-25-26 and 27 according to the original plat of said cemetery, and that they will bury at their own expense of all soldiers that is in good standing in the Post at the time they come in possession of the said land. And said second party further agrees that the name G. A. R. Cemetery shall never be changed.

"No charge for lots for Post or family.
"R. M. J. Shriver
"Trustees: "J. E. Jackson
"L. Worthen.
"Frank Ham, Mayor,
"L. L. McMauchen, Com. No. 1,
"N. B. Schmucker, Com.. No 1.
"Filed Sept. 30, 1910.
"Record 27, page 9."

The warranty deed attached has the following provisions:

"Provided, however, that this deed is made with the express understanding that the same is to be of no force or effect for the term of ten years (10) from the date hereof, and during said period of ten years the party of the first part shall have full control of the above described land, with full power to sell and issue certificates of ownership of the lots carved out of said land, and to do all other acts that is necessary to exercise full control, and it is further agreed that when the city of Miami comes into possession of said premises that they will use all revenues derived from the sale of lots in beautifying said premises and cemetery and that it will reserve a burial place for old soldiers, blocks numbered 6-7-8-9-10-23-24-25-26 and 27 according to the original plat of said cemetery, and said party of the second part agrees to bury at its own expense all old soldiers in good standing in said post at the time it comes in possession of the said tract of land.

"Said city of Miami further agrees that the name G. A. R. Cemetery shall never be changed and that it will make no charge for burial lot for or to the families of the members of the post."

To the petition herein the defendant filed its answer, denying the allegations of the petition, except such as are specifically admitted, and for further answer admitted the execution, delivery, and recording of said contract and deed; that R. M. J. Shriver, J. E. Jackson, and L. Worthen, as trustees, had full and complete authority to make said contract and deliver said deed.

As a further defense the defendant pleads the statutes of limitation.

As a further defense, that on the 17th day of February, 1912, the said J. B. McPherson Post No. 48, Grand Army of the Republic, by due and proper action of the members thereof, in regular meeting assembled, by a vote of said members, ratified, confirmed; and adopted the action of the trustees in the making of said contract and executing and delivering said deed complained of.

As a further defense, it is urged that the McPherson Post, for a long time prior to the execution of the contract and deed, permitted the trustees to have and exercise full and complete control and management of the land described herein, and that the trustees at various and sundry times executed mortgages upon the land, which mortgages were duly recorded in the office of the register of deeds of Ottawa county, and that by reason of said acts, are estopped to deny the authority of the trustees to make and enter into the contract and to execute and deliver the deed herein.

As a further defense, it is urged that the contract and deed were recorded in the office of the register of deeds, in Ottawa county, in book 27, at page 9, on the 30th day of September, 1910, and that it was a matter of common knowledge in the city of Miami, and numbers of citizens of the city of Miami purchased for burial purposes lots of said tract of land and buried their dead therein upon the faith and credit and in reliance upon the contract and deed and representations therein contained, with the understanding and belief that at the expiration of the time therein specified that the ownership and management would pass in the hands of the city of Miami, and would be kept and cared for and maintained perpetually as a city cemetery; that the proceeds of the sale of lots therein would be used by the defendant solely for the purpose of caring for and beautifying said cemetery in accordance with the terms of said contract and deed; that the sale would never pass out of control and ownership of said

city and into the hands of persons who might use the same for gain and profit by speculation; that said purchases were made and transactions had by said citizens by reason of the knowledge, consent, and acquiescence of the plaintiff post and members thereof, by reason of which the plaintiffs were estopped to deny the authority of the trustees to make said contract and deed; that said contract and deed were recorded on the 30th day of September, 1910, with full knowledge of the plaintiffs, and that plaintiffs had acquiesced in the action of the trustees for a period of about eight years; that all of said trustees who executed said contract and deed are now dead, and the defendant is unable to obtain their testimony and is unable to maintain its defense herein as it could have done if this action had been seasonably brought, and that the plaintiffs had been guilty of laches and are estopped from bringing and maintaining this action.

It further alleges that after the making, delivery and recording of said contract and deed, the trustees of said property offered for sale and sold to citizens of Miami and the public generally, within said city, lots for burial purposes, which lots were used for the burial of their dead, and held out to such purchasers that the same was a public cemetery, and that it was used as a public cemetery by the citizens of Miami and the public generally, and that by holding out such conditions to said purchasers the said post dedicated the said land to the citizens of the city of Miami and the public generally as a cemetery, and by reason of said dedication the plaintiffs are estopped from denying the authority of the trustees in the matter of the contract and deed and from maintaining this action.

The defendant by way of cross-petition alleges that it is the owner in fee simple of the lands described; that it acquired title from the trustees, heretofore named, by contract and warranty deed, which is of record in the office of the county clerk of Ottawa county, Okla., copies of which are attached to the cross-petition; that said post and the members and trustees thereof claim some right and interest in and to said land, the exact nature of which claim is to the defendants unknown, that said claim was without merit and is null and void, and that they have no right, title, or interest in or to said land, except such as was reserved to them by the terms and conditions named in the contract and deed, and that said claim was a cloud upon the title of defendant, and

prayed that the defendant have judgment cancelling and holding for naught the said claim of the plaintiffs and forever barring and enjoining the post and its members, trustees, and their successors from claiming any right, title, or interest in or to said land hereinbefore described, except such rights as are reserved by them by the terms of said contract and deed attached to the cross-petition and quieting title to the defendant in the land, and for its costs laid out and expended, and for general relief

The plaintiffs filed a reply by way of general denial.

The plaintiffs moved for judgment on the pleadings, for the reason that the answer does not allege that the question of purchasing the property for a cemetery was submitted to the voters of the city of Miami, and, therefore, does not state a defense, which motion was by the court overruled, and the plaintiffs reserved exceptions.

At the close of the statement of the case, counsel for defendant moved for judgment on the pleadings for the reason that the petition and opening statement show that this is an action for the purpose of quieting title and not for possession of real estate, and that the deed was executed, delivered, and recorded in September, 1910, and the action was not commenced until in September, 1918, and that said action is barred by the statute of limitation, no reason having been shown by which plaintiffs were prevented from bringing this action within the reasonable time after the contract and deed were executed and the discovery thereof, and that they did not show cause of action in favor of the plaintiffs and against the defendant, which motion was by the court overruled and the exceptions reserved.

Trial was had in the court without the intervention of a jury and resulted in a judgment for the defendant, which includes findings of fact and conclusions of law, and concludes as follows:

"It is therefore considered, ordered and adjudged by this court that the plaintiffs take nothing by their action herein, but that the same be dismissed, and that the defendant have judgment for its costs laid out and expended herein, and that the title of the defendant to the premises in controversy be and the same is quieted, all as per journal entry, and to each finding of fact and conclusions of law, stated separately. the plaintiffs except and exception is allowed."

Motion for new trial was filed, heard, and overruled by the court and exceptions reserved, and the cause comes regularly on

appeal from said finding and judgment of the court by plaintiffs.

The attorney for plaintiffs sets up 37 assignments of error, but contents himself to grouping the same under four heads, which are as follows:

"1. That the court erred in not sustaining the motion of the plaintiffs below for judgment in the pleadings and the opening statement of counsel for the defendant.

"II. The court erred in not making special findings of fact and conclusions of law requested as follows (141 to 145 C. M. and hereinbefore set out.)

"III. The court erred in its findings of fact Nos. 4, 5, 6 and 9, and conclusions of law Nos. 1, 2, 3, 4, and 5, which are as follows, to wit (the findings of fact and conclusions of law complained of are here set out,)

"IV. The court erred in the application of the law to the facts."

Counsel for plaintiffs insists in his brief, under the first assignment, that the court below should have sustained the motion of plaintiffs for judgment on the pleadings and the opening statement of counsel, for the reason that the question of purchasing property for a cemetery was not submitted to the voters of the city of Miami. This contention of counsel cannot be sustained for the reason that the record in this case shows that the city of Miami, at the time of this transaction, was a city of the first class, and section 4310, Comp. Stat. 1921, provides, among other things, as follows:

"Cities and towns may own and control cemeteries. All cities and towns in the state of Oklahoma may purchase, take title to, own, pay for and control for cemetery purposes not less than ten nor more than eighty acres of land, without the limits of such cities and towns * * *"

—and there is no provision that such city shall make an optional contract with the owner of the land or that said city shall submit such a proposition to the voters thereof.

The succeeding section, No. 4311, Comp. Stat. 1921, does provide, among other things, as follows:

"The town trustees shall have power to enter into an optional contract for the purchase of such lands as they may deem necessary for the purposes desired, and shall reduce the same to writing, and such contract shall then be signed and acknowledged by the owners of such land, as deeds conveying lands are required to be acknowledged, and shall be signed by the president and trustees, or by a majority of the trustees. The trustees shall then call an election and shall give five days' notice thereof; and at such election the legal voters shall vote 'For purchase of cemetery' or 'Against purchase of cemetery.' * * *"

But this section is applicable only to towns and to town trustees and is not applicable to cities of the first class, and the court very properly, in our opinion, overruled the motion of plaintiffs for judgment on the pleadings, even if this question had been made an issue in the pleadings of this cause, but nowhere does this issue appear either in the petition of plaintiffs as grounds for cancellation of the deed and contract nor is it mentioned or referred to in the defendant's answer.

The second and third grounds, contended for by attorney for plaintiffs in his brief, may be disposed of under one head, as these two assignments go to the complaint that the court should have made certain findings of law and fact, which he refused to make, and certain findings of law and fact, which he did make. Under the first finding, asked for and refused, and the first finding made by the court, the question of whether the city commissioners of the city of Miami were authorized by the voters of the city to make and enter into the contract on behalf of the city and as to whether an election was ever held before or after the making of said contract, authorizing the commissioners to execute the same or ratify their action in the execution of the same, the court found that there was no such action by the mayor and city commissioners of the city of Miami, but, as heretofore held in this opinion, such action was not required by the mayor and city commissioners in a city of the first class, and that no such authorization was required, and no such election was necessary.

The next request, refused, was that the trustees of Grand Army Post No. 48, were not authorized nor instructed by the post or said members to dispose of the premises in controversy by contract and deed with the commissioners of the city of Miami. This requested finding was in substance made by the court, in which the court found that said deed was delivered by one of the trustees, acting on behalf of Post No. 48, and the same was accepted by the mayor and city commissioners of the city of Miami, but there was a failure of proof on the part of the plaintiffs to show whether the trustees, who executed the contract and deed, executed the same pursuant to any authority previously conferred by said post, and that there was a failure of proof on

part of the plaintiffs ·to show that said deed was delivered without any authority by the trustees of said post.

The burden was upon the plaintiffs to show that they had good title and had a right to have the contract and deed canceled, and they must succeed in this action by the strength of their own title and not by the weakness of the title of defendant.

This court, in the case of Starr v. Thompson and Marks, 80 Okla. 223, 195 Pac. 758, said:

"One who brings suit to recover possession of land must recover on the strength of his own title, and not upon the weakness of his adversary's."

This rule has been followed in the following cases: Linam v. Beck, 51 Okla. 727, 152 Pac. 344; Aldridge v. Whitten, 56 Okla. 694, 156 Pac. 667; Reirdon v. Smith, 62 Okla. 48, 161 Pac. 798; Lynch v. Calkins, 75 Okla. 137, 182 Pac. 225.

A thorough examination of the evidence in this case fails to show any evidence introduced by plaintiffs of this necessary proof, and as this is one of the substantial and necessary allegations of plaintiffs' petition, which the plaintiffs fail to establish by substantial proof, we are forced to conclude that the court was right in making this finding.

The further contention is that the court should have found that Post No. 48 never, by a vote of its members, ratified the action of the trustees in making and executing the contract and deed, but that the court erred in his finding of fact, that whether the trustees were previously authorized to execute the contract and deed, sought to be cancelled in this case, or not, their action was ratified and confirmed by the members of said post at a regular meeting in January, 1912, thereafter. The testimony offered by plaintiffs on this proposition was very vague, uncertain, and indefinite. Some of their witnesses testified that they had been suspended during the time that these matters had been talked of, some of them were present at the meetings some of the time and absent part of the time; that the minutes of the meetings had been taken away by one of the trustees and were not available, and some of them said that they could not say whether it had been ratified or not, but the same had been before the regular meetings of the post on different occasions.

The testimony introduced on behalf of the defendant, of L. B Manwaring, a past commander of the post, and John W. Chase, a member of the post, and H. W. Moore, who testified that a committee had been regularly appointed to investigate the contract and deed and they reported in writing favorably to the ratification of the action of the trustees, shows ·that the matter had been acted on by the post after a full discussion and investigation at a full meeting of the post and the report of the committee was adopted by a unanimous vote and the contract and deed were thereby confirmed.

The rule ·of law to be applied here is that, in an equity case, the judgment and findings of the lower court must be sustained if not clearly against the weight of the evidence. This rule has been followed by this court in an unbroken line of decisions.

We are of the opinion that the judgment and finding of the court upon this proposition are not only in accordance with the weight of the testimony but follow the only positive testimony upon this proposition that was introduced in this case, and we cannot agree with counsel that the court was wrong in its findings of fact in this regard.

The complaint of plaintiffs that the written contract and terms of the deed were violated when the defendant procured said deed to be placed on record in the office of the register of deeds of Ottawa county, Okla., and the other complaints founded upon this proposition, cannot be sustained for the reason that under the terms of the contract the deed was to be placed in escrow for a period of ten years in the First National Bank of Miami, "unless sooner released to the second party by the trustees of the party of the first part." The deed provided, among other things, that "this deed is made with the express understanding that the same is to be of no force and effect for the term of ten years from the date hereof and during said period of ten years the party of the first part shall have full control of the above described land." It will be observed from the above excerpts from the contract and deed that the deed was to remain in escrow, "unless sooner released," and the deed provided that it should not become effective until after the expiration of ten years. The testimony shows that one of the trustees took the contract and deed to the officers of the city and the same was delivered to the officers and accepted by them and the same were put of record. and, as heretofore found in this opinion, the action of the trustees was afterwards ratified by a unanimous vote of

the members of the post in regular meeting assembled and the pleadings in this case show that the city exercised no right of ownership or right of possession to the same, but that the property was in the possession of and under the control of the post, subject to the contract and deed to not sell the property, the time this action was commenced, and no right of the post was violated because of the action of the city in placing said contract and deed of record.

Having found the court was right in the findings of fact, heretofore considered in this opinion, the conclusions of law necessarily follow that the plaintiffs, upon whom the burden of proof rested, having failed to establish by competent evidence the truth of the necessary allegations of its petition as to lack of authority in the trustees to make said contract and deed and the presumption of law being in favor of the legality of the contract and deed, the court very properly held that said contract and deed were valid and conveyed such title to the defendant as provided by the terms of said contract and deed. Having found as a matter of fact that whether or not the trustees of said Post No. 48 had authority vested in them by said post to make said contract and deed, the said post, after a full investigation by its committee, voted unanimously to confirm the action of said trustees in executing said contract and deed at an unusually full meeting of the members of said post by their unanimous vote of confirmation, by such action, settled this question once and for all and the plaintiffs herein, as trustees of said post, cannot now be heard to complain of the acts of the former trustees, which had been so ratified and confirmed.

It is our opinion that the action of the trial court, in arriving at the conclusions heretofore set forth in this opinion, was correct, and we, therefore, do not deem it necessary to consider the other assignments in this case as the conclusions already arrived at are decisive of this case.

Upon examination of the record and finding no reversible error, it is, therefore, our opinion that the findings of the lower court should be and are hereby affirmed.

By the Court: It is so ordered.