34215. CARLISLE *v.* GENERAL TIRE SERVICE CO.

DECIDED SEPTEMBER 25, 1952.

808

810

*Grant, Wiggins, Grizzard & Smith,* for plaintiff in error.
*Henry M. Hatcher Jr.,* contra.

TOWNSEND, J. Counsel for the defendant contends that the evidence clearly refutes the allegations of the petition relative to the oral contract which is the basis of this suit; second, that if any agreement of this character was entered into, the evidence shows conclusively that it was a voluntary promise of the defendant made after the execution of the bill of sale and was a mere nudum pactum, and, third, in any event if such an agreement was entered into, it was without consideration.

As to the first contention, the testimony of the plaintiff's manager, Mr. Jentzen, is supported by that of the attorney, who testified positively that there was such an agreement, and that it was to the effect that if the debtor corporation went into bankruptcy or receivership the equipment would be sold and the proceeds prorated between the plaintiff and the defendant. The testimony of these witnesses also authorizes a finding that this agreement was entered into in January at a meeting of these parties and Messrs. Nelson and Suggs representing the debtor corporation, shortly before the execution of the bill of sale, and that it was there agreed that a bill of sale would later be drawn up by the attorney for the A.A.A. Highway Express Inc., which was in fact done shortly thereafter. While the testimony of Nelson and Suggs was somewhat negative, in that they failed to remember a particular conference or a particular agreement, it does appear from their testimony that they were attempting to protect both creditors, and wanted both creditors to get what they could out of the sale of the equipment. This testimony,

therefore, is not seriously at variance with the testimony of the plaintiff, or is, at most, a contradiction of some parts of it which would present an issue of fact for determination by the court sitting without a jury.

The same testimony also establishes that this agreement was entered into prior to the execution of the conditional bill of sale. Both witnesses testified that it was in Mr. Johnson's office in the early part of January, 1945, and at the same conference it was agreed that the instrument would be drawn up, and by whom. The agreement to pro-rate the proceeds, therefore, under this evidence, must obviously have been entered into prior to the execution of the bill of sale.

The third and main contention of the defendant is that the agreement was without consideration. A consideration is essential to a contract which the law will enforce. Code, § 20-301; *Brown* v. *Nichols,* 23 *Ga. App.* 569 (99 S. E. 57). As stated in *Davis* v. *Tift,* 70 *Ga.* 52: "A promise to pay the pre-existing debt of another, without any detriment or inconvenience to the creditor or any benefit secured to the debtor in consequence of the undertaking, is a mere *nudum pactum.*" See also *Saul* v. *Southern Seating & Cabinet Co.,* 6 *Ga. App.* 843 (65 S. E. 1065). Code § 20-302 provides as follows: "A consideration is valid if any benefit accrues to him who makes the promise, or any injury to him who receives the promise." The plaintiff here, who was the promisee under the alleged oral agreement with the defendant, was due approximately $3000 from the debtor corporation on open account. The evidence as a whole discloses that he could have settled this open account for approximately $1500, but that, relying on his agreement, and preferring to take "grabber's luck" thereunder, as the witness stated, he did not insist upon the open account. He further failed to prosecute other legal remedies open to him if he was not a party to the agreement, and from which he would be precluded as such party, under the bankruptcy statutes, 11 U.S.C.A., §§ 21 (a) (2), 96 (b), 107. Becoming a party to the agreement would necessarily mean foregoing his rights as creditor of an insolvent corporation to have the bill of sale set aside as a preference of creditors, and the testimony as a whole clearly shows that the debtor corporation was threatened with a large foreign judgment;

that accounts were being bought for fifty cents on the dollar, and that the whole purpose of the discussions was to salvage some part of the assets for the benefit of the plaintiff and defendant in this suit. Accordingly, it cannot be said that the agreement was without benefit to the promisor or without detriment to the promisee.

The trial court did not err in overruling the motion for a new trial.

*Judgment affirmed. Gardner, P.J., and Carlisle, J., concur.*