LAWRENCE CONSTRUCTION COMPANY, a corporation, Gaylord Industries, Inc., a corporation, Plaintiffs,

v.

Lorin HOLMQUIST, Holmquist & Sons, Inc., Clark Forman, et al., Defendants and Appellants.

NATIONAL MECHANICAL COMPANY, INC., Defendant, Counter Claimant, Cross-Claimant and Respondent,

v.

Lorin HOLMQUIST, Holmquist & Sons, Inc., and Clark Forman, Defendants, Cross-Defendants and Appellants.

No. 17548.

Supreme Court of Utah.

Feb. 25, 1982.

Loni F. Deland, Salt Lake City, for defendants and appellants.

James F. Soper, Salt Lake City, for Nat. Mechanical Co.

STEWART, Justice:

This action was commenced January 24, 1980, by a general contractor to foreclose its mechanic's lien on a construction project. Subcontractor National Mechanical Company, Inc., defendant and cross-claimant below and respondent on this appeal, sought to enforce a settlement agreement entered into with appellants (hereafter Holmquists) to settle certain claims arising out of the construction contract. The trial court, finding a valid settlement agreement, held in favor of National Mechanical. On this appeal, Holmquists seek a reversal on the ground that the settlement agreement did not meet the requirements of an accord and satisfaction.

Holmquists owned a ski lodge construction project on which work had been suspended prior to completion. National Mechanical was the subcontractor engaged to perform the plumbing work which was partially completed when construction was suspended. After work was recommenced, another subcontractor was hired to complete National's contract. Holmquists entered into negotiations with numerous claimants to settle the claims which arose as a result of the work stoppage. National Mechanical had received no payment for the work done on the ski lodge project.

Holmquists disputed the amount owed on the underlying obligation, and negotiations were entered into between Holmquists and National Mechanical. On August 21, 1980, Holmquists' attorney sent to National Mechanical's counsel a letter and a document entitled "Satisfaction Re: Settlement of Claims" along with a letter asking for a signature on the instrument by August 25, 1980. National Mechanical signed the stipulation and returned it to Holmquists' attorney. Refinancing of the project was delayed until December, at which time Holmquists refused to honor the agreement.

Holmquists argue that the settlement was conditioned upon receipt by Holmquists of a detailed breakdown of labor and materials expended by National Mechanical to support its demand of $35,338 and upon the signing and return of the stipulation by August 25, 1980. The signed stipulation was in fact returned August 28, 1980. However, neither the letter nor the stipulation specifically states that the settlement was contingent on those conditions. The contrary implication arises from the language in the stipulation which states that the $35,338 "must be paid on or about August 26, 1980 or as soon thereafter as cross-defendants' financing is available ..."

Holmquists contend that the stipulation and letter sent to National Mechanical on

August 21 was not an offer of settlement, but rather an invitation to National to make an offer of settlement. The letter, sent by Holmquist's attorney, clearly stated, however, that it was a memorialization of a previous agreement between the parties. The letter stated:

> Soper's client [Respondent] and my client [Appellants] have agreed on a settlement of $35,338. I . . . [told National Mechanical] that I would prepare a stipulation as to that dollar amount to satisfy the bank re the exact payout figures. He asked me to send it to you and that he would come in and sign it.
>
> We must have the signed stipulation in our hands by Monday, August 25 so as not to hang up one million dollars in payouts.
>
> Please execute and deliver to me as soon as possible and call if you have any questions.
>
> Also, we need a breakdown as specific as you can make it on labor and materials to make sure we do not get billed by our present plumber for work done by National Mechanical. [Emphasis added]

The stipulation and letter sent to National Mechanical by their terms indicate they were merely to memorialize a previous oral agreement made between the parties. That the parties contemplated subsequent execution of a written instrument as evidence of their agreement did not prevent the oral agreement from binding the parties. *Calumet Refining Co. v. Star Lubricating Co.*, 64 Utah 358, 230 P. 1028 (1924). *Storts v. Martin K. Eby Construction Co.*, 217 Kan. 34, 535 P.2d 908 (1975); *East Central Oklahoma Elec. Coop, Inc. v. Oklahoma Gas & Electric Co.*, Okl., 505 P.2d 1324 (1973); *Western Bank v. Morrill*, 245 Or. 47, 420 P.2d 119 (1966). If a written agreement is intended to memorialize an oral contract, a subsequent failure to execute the written document does not nullify the oral contract. *Western Bank v. Morrill, supra.*

In our view the prior agreement was an executory accord and as such constitutes a valid enforceable contract. "An accord is an agreement between parties, one to give or perform, the other to receive or accept, such agreed payment or performance in satisfaction of a claim." *Browning v. Equitable Life Assurance Society of the United States*, 94 Utah 532, 72 P.2d 1060 (1937). In *Alaska Creamery Products, Inc. v. Wells*, Alaska, 373 P.2d 505, 511 (1962), the Court defined an executory accord as "an agreement that an existing claim shall be discharged in the future by the rendition of a substituted performance." See also 6 Corbin, Contracts, § 1269 at 75–76 (1962).

In *Sugarhouse Finance Company v. Anderson*, Utah, 610 P.2d 1369, 1372 (1980), this Court set out the elements essential to the validity of such an agreement:

> (1) a proper subject matter; (2) competent parties; (3) an assent or meeting of the minds of the parties; and (4) a consideration given for the accord. Where the underlying claim is disputed or uncertain ("unliquidated"), the obligor's assent to the definite statement of performance in the accord amounts to sufficient consideration, as it constitutes a surrender of the right to dispute the initial obligation.

The record supports the conclusion that an enforceable accord was reached by the parties and that the settlement agreement was not conditioned upon a detailed breakdown of labor and materials or on having the signed stipulation returned to appellants by August 25.

Affirmed. Costs to respondent.

HALL, C.J., and HOWE, OAKS and PURHAM, JJ., concur.