**2016 UT App 109**

# THE UTAH COURT OF APPEALS

SHAUNA BADGER,
Appellant,
*v.*
DUSTIN MACGILLIVRAY,
Appellee.

Per Curiam Decision
No. 20150065-CA
Filed May 26, 2016

Fourth District Court, Provo Department
The Honorable Samuel D.McVey
No. 090402559

Shauna Badger, Appellant Pro Se

Evan A. Schmutz and Cole L. Bingham, Attorneys
for Appellee

Before JUDGES GREGORY K. ORME, J. FREDERIC VOROS JR., and KATE
A. TOOMEY.

PER CURIAM:

¶1      Shauna Badger appeals the district court's order granting a motion to enforce a settlement agreement. During the appeal, this court temporarily remanded the case to the district court to make findings of fact on whether Badger "knowingly or recklessly committed fraud on this court by filing documents that contain material misrepresentations about the contents of records from the Provo Police Department." This court retained jurisdiction to impose any sanctions. We now address both the appeal and sanctions.

APPEAL OF ORDER ENFORCING SETTLEMENT

¶2      "The decision of a trial court to summarily enforce a settlement agreement will not be reversed on appeal unless it is shown that there was an abuse of discretion." *Goodmansen v. Liberty Vending Sys., Inc.*, 866 P.2d 581, 584 (Utah Ct. App. 1993) (citations and internal quotation marks omitted). "The trial court has the power to enter a judgment enforcing a settlement agreement if it is an enforceable contract." *Id.* "[A] settlement agreement may be summarily enforced by motion in the court of the original action." *Tracy-Collins Bank and Trust Co. v. Travelstead*, 592 P.2d 605, 607 (Utah 1979). "If a written agreement is intended to memorialize an oral contract, a subsequent failure to execute the written document does not nullify the oral contract." *Lawrence Constr. Co. v. Holmquist*, 642 P.2d 382, 384 (Utah 1982).

¶3      The settlement negotiations at issue here were conducted via text messages delivered over the parties' cell phones. The district court found, in part,

> In the text messages, [Badger] clearly communicated an offer to settle and fully compromise and resolve all claims by Defendant's payment of $25,000 now and $2,500 within one year. Defendant [Dustin MacGillivray] clearly and timely repeated those terms and communicated his unequivocal acceptance of [Badger's] offer. [Badger] added one more term regarding remedies on default. [MacGillivray] clearly and unequivocally communicated his acceptance of the additional term. [Badger] communicated her agreement by texting "ok."

¶4      MacGillivray's counsel prepared a written settlement agreement, which Badger refused to sign. The district court found that

> the sole reason for Badger's rejection and refusal to perform was a claim that her text contained a "typo" and that she meant to state she would settle for two payments of $25,000, one now and one a year later, but she made a unilateral mistake and accidentally texted $2,500.

The district court found that based upon the communications between the parties, Badger did not make a mistake in sending a clear written offer to settle for $25,000 now and $2,500 in one year. The court further found that even if Badger had made a unilateral mistake in communicating her final offer, she "did not exercise ordinary diligence in sending her final offer to make sure it was correct, or in reviewing [MacGillivray's] repeat of the terms of that offer and agreeing that such terms constituted an agreement to settle." After stating the terms of the settlement, the district court also found that sufficient consideration supported the agreement.

¶5    Badger's first claim on appeal was that the district court erred by ruling that the settlement discussions constituted a legally binding contract "in a summary proceeding under the authority of *Tracy-Collins Bank & Trust Co. v. Travelstead*, 592 P.2d, 605, 607 (Utah 1967)." Badger's apparent claim is that *Tracy-Collins* did not apply because there was already a judgment for a liquidated amount in the underlying case and the settlement occurred during post-judgment proceedings to enforce the judgment. This claim lacks merit. The only proposition for which Badger cited *Tracy-Collins* was that the motion could be resolved in a summary proceeding. The district court did not err in resolving the case in summary proceedings under the circumstances.

¶6    Badger next claims that the district court erred in finding that MacGillivray gave "legally sufficient consideration." In sum, Badger claims that because she had a judgment for a liquidated sum against MacGillivray, payment of any smaller amount was insufficient consideration. MacGilivray argues that

this issue was not preserved. Badger counters that the claim was preserved in her opposition to the motion to enforce the settlement agreement, which included her assertion that because MacGillivray "already owes this amount and because [he] has offered to pay substantially less than the amount owing, [he] has not offered any consideration to [Badger] that would make the contract binding." Badger preserved only this argument.

¶7    Badger's argument is essentially that because she has a judgment, any settlement that involves payment of less than the full judgment amount is "void" for lack of consideration. "[E]ven if a claim is undisputed and liquidated, parties can still discharge their obligations through accord and satisfaction. In such instances, however, parties must support the accord with separate consideration." *Estate Landscape & Snow Removal Specialists, Inc. v. Mountain States Tel. & Tel. Co.*, 844 P.2d 322, 326 (Utah 1992). Badger's argument that only the full amount of the judgment can be sufficient consideration lacks merit. In *Sugarhouse Finance Company v. Anderson*, 610 P.2d 1369 (Utah 1980), the plaintiff held a judgment that had been outstanding for over two years when the defendant agreed to pay a smaller amount immediately. The supreme court stated,

> This was something defendant had no legal obligation to do; by law, plaintiff could only move by levy of execution against property already owned by the defendant–plaintiff could not legally require defendant to incur additional obligations to satisfy the judgment. By so doing, defendant deliberately incurred the detriment of surrendering his right to limit plaintiff's ability to obtain satisfaction of the underlying judgment, and bestowed upon plaintiff the benefit of immediate payment by means of the incurrence of additional indebtedness. We hold such action to constitute sufficient consideration to support the accord negotiated by the parties.

*Id*. at 1373 (citation omitted). Similarly, at the time of the settlement negotiations between Badger and MacGillivray, Badger had obtained a writ of execution and seized personal property allegedly owned by MacGillivray. MacGillivray requested a hearing because he disputed that all of the seized property was subject to execution. The district court set a hearing date. Prior to that time, the parties reached the settlement. As in *Sugarhouse Finance*, MacGillivray could have required Badger to limit her recovery to the seized property, but he accepted her offer to make an immediate payment of $25,000 and an additional smaller payment in one year. As in *Sugarhouse Finance*, MacGillivray incurred an obligation that he was not required to incur, and the settlement was supported by sufficient consideration.

¶8     Badger's final argument is that the district court's order is not consistent with the oral ruling. This argument lacks merit because she has not demonstrated a material difference between the oral ruling and the order the district court signed. Furthermore, Badger failed to preserve this argument, because she did not raise the claimed disparities in the trial court to allow that court to review and resolve them. In sum, the district court did not abuse its discretion in enforcing the settlement agreement.

SANCTIONS

¶9     This court now addresses the reserved issue of whether to impose sanctions based upon the district court's findings of fact on the temporary remand from this court. Our order asked the district court to make

> findings of fact on whether Shauna Badger knowingly or recklessly committed fraud on this court by filing documents that contain material misrepresentations about the contents of records from the Provo Police Department regarding an

investigation in the year 2010 of allegations of witness tampering by [opposing counsel] and the results of that investigation, which may include falsely reporting that witness tampering charges were approved by the Utah County Attorney and that [opposing counsel] was summoned, cited, arrested, booked, and/or photographed.

¶10 The district court held an evidentiary hearing on March 9 and March 29, 2016, before issuing detailed findings of fact and an order on March 30, 2016. That resolution concluded the proceedings on remand and returned jurisdiction to this court. Having determined that Badger had not provided a credible explanation for the inclusion of a two-page "arrest report" in her filings, the district court stated,

The Court finds Badger knew filing the two page arrest record could potentially mislead the Court of Appeals. She knew the record was not in the Provo City files and was not included by Detective Gibson in his affirmation. She also knew over five years ago there was no arrest of [opposing counsel] or any other action taken against him by law enforcement and prosecution than to investigate her complaint and reject it as a basis for prosecution or arrest. She knew she represented falsely the arrest record was true and correct when she filed it in the Court of Appeals (and with this Court in 2014). She falsely represented the two page report as being a genuine record of the Provo police department when she in fact doctored the attachments to Detective Gibson's and Provo City's GRAMA response. These activities were performed with an improper intent to inflame prejudice against [opposing counsel] and satisfy her feelings against him in an attempt to help her case.

The district court concluded that Badger knowingly filed factually erroneous materials in both this court and the district court.[1]

¶11    Based upon the district court's detailed and pointed findings of fact, we impose a monetary sanction on Badger in the amount of attorney fees representing the reasonable value of MacGillivray's counsel's time spent in connection with the motion to strike, including proceedings before this court and before the district court on temporary remand involving the motion to strike Badger's opening and reply briefs; the December 10, 2015 hearing before this court on that motion; preparation for and attendance at the hearing before the district court on March 9 and March 29, 2016; and the preparation and entry of the March 30, 2016 findings of fact and order.

CONCLUSION

¶12    ¶For the foregoing reasons, we affirm the district court's order enforcing the settlement agreement. In addition, we remand to the district court for a determination of an award of attorney fees representing the reasonable value of MacGillivray's counsel's time attributable to Badger's improper filing and related conduct, as more fully described in the preceding paragraph of this decision.

––––––––––

1. Our order of temporary remand was without prejudice to the district court's imposition of any sanctions based upon filings made in the district court. The district court reserved ruling on its own sanctions for the improper 2014 filing in that court until after remittitur.